(91 App. Div. 384.)

BIRCH v. MUTUAL RESERVE LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. INSURANCE—FOREIGN CORPORATIONS—STATE LAWS—RESIDENT AGENT—PROCESS—SERVICE—AUTHORITY—TERMINATION.

Laws N. C. 1899, p. 175, c. 54, § 62, prohibits any foreign insurance company from doing business within the state until it has appointed the Insurance Commissioner or his successor its attorney to receive service of process, and that his authority shall continue in force and irrevocable so long as any liability of the company remains outstanding within the state. Defendant complied with such act, but thereafter attempted to cancel the Insurance Commissioner's authority to accept service by notice, etc., and,

though it thereafter accepted no new business within the state, it continued to receive premiums on outstanding business, and settle claims thereon. *Held*, that such attempted cancellation of the Insurance Commissioner's power to accept service was invalid, and that judgments recovered against defendant in North Carolina on policies in force prior to defendant's compliance with such act, on process served on the Insurance Commissioner, were valid.

Action by Henry C. Birch against the Mutual Reserve Life Insurance Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Frank R. Lawrence, for appellant.
Gilbert E. Roe, for respondent.

HIRSCHBERG, P. J. The plaintiff has recovered judgment in this state as assignee of seven judgments which were recovered against the defendant in the state of North Carolina upon contracts of life insurance. The defendant is incorporated in this state as a life insurance corporation, and for many years prior to the 20th day of May, 1899, was engaged in the life insurance business in North Carolina. The contracts in question were executed in that state during that period, and the judgments in that state were recovered upon the service of process upon the Insurance Commissioner of North Carolina after May 20, 1899. The question presented upon the appeal is whether by such service of process the North Carolina court acquired jurisdiction to render the judgments.

It has been the policy of the state of North Carolina for many years to require foreign insurance companies, as a condition precedent to the transaction of business in that state, to appoint an agent in the state upon whom civil process might be served, the appointment to be binding upon the companies so long as any liability against them might be outstanding in the state. See chapter 157, p. 304, Laws N. C. 1876–77, § 3; chapter 57, p. 98, Laws N. C. 1883, § 2; and chapter 54, p. 175, Laws N. C. 1899, § 62. The latter section was in force at the time of the recovery of the judgments referred to, and it provided as follows:

"No foreign insurance company shall be admitted and authorized to do business until * * *. Third. It shall by a duly executed instrument filed in his office constitute and appoint the insurance commissioner, or his successor, its true and lawful attorney, upon whom all lawful processes in any action or legal proceedings against it may be served, and therein shall agree that any lawful process against it which may be served upon its said attorney shall be of the same force and validity as if served on the company, and the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this commonwealth. The service of such process shall be made by leaving the same in the hands or office of the insurance commissioner. Copies of such instrument, certified by the Insurance Commissioner shall be deemed sufficient evidence thereof, and service upon such attorney shall be deemed sufficient service upon the principal."

On the 13th day of April, 1899, the defendant, in conformity with this law, duly executed and delivered to the Insurance Commissioner of North Carolina the required power of attorney, making him or his

successor its true and lawful attorney in that state, upon whom all lawful processes might be served with the same force and validity as if served upon the defendant, and expressly providing that such authority should continue in force and be irrevocable so long as any liability of the defendant should remain outstanding in the state. On May 17, 1899, the defendant, by its board of directors, assumed to cancel and revoke this power of attorney, and it is the claim of the defendant that, upon the 20th day of May following, it withdrew from all business within the state of North Carolina, and has never since transacted any business there; that the power of attorney thereby became null and void; and that accordingly the service of process after that date upon the Insurance Commissioner was without effect so far as concerns the jurisdiction of the court in that state to render judgment against the defendant based upon such service.

The defendant relies in its contention chiefly upon the authority of the case of Woodward v. Mutual Reserve Life Ins. Co., 84 App. Div. 324, 82 N. Y. Supp. 908, which decides that where a policy of insurance has been issued before the execution of the power of attorney, and consequently not in reliance thereon, the policy holder's contractual rights are not affected by the revocation of the power, and such revocation is therefore valid and effectual as to them.

Some of the contracts in this case were issued during the life of the Law of 1876–77, and all before the passage of the act of 1899. They were all executed presumably in reliance upon the provisions of law of North Carolina existing at the time, by which, as a condition of doing business in the state, the defendant was required to maintain some agent or attorney in the state upon whom service of process might lawfully be made so long as contractual liability existed. It was doubtless an immaterial matter who the individual or official might be upon whom service could be made, so long as there was some one designated in the state through whom jurisdiction as against the defendant might be acquired. It is also a fair presumption that these policies were kept in force by the policy holders in reliance upon the fact that the defendant, under the laws of the state, had designated an agent or attorney upon whom process might be served therein. I think, under the circumstances, that, so long as the defendant continued to transact insurance business in the state, the Insurance Commissioner remained its agent for the purpose of receiving service of process to enforce its existing obligations, notwithstanding the attempt of the defendant to revoke and cancel his authority.

The Woodward Case, supra, was submitted upon an agreed statement of facts, among which was the fact, stated in the submission, that the defendant had not done or transacted any business in North Carolina after the revocation of the power of attorney. In this case the learned trial court has found, upon sufficient evidence, that subsequently to May 20, 1899, the defendant continued to do business in the state of North Carolina, and was doing insurance business in that state at the time of the service of process in the several suits wherein the judgments were recovered which are sued on in this action. It is true that the defendant did withdraw its agents from the state and ceased to solicit new business, but it continued to collect premiums

and to pay losses on its old policies, and to compromise and adjust claims arising thereon in the state. In Mutual Life Insurance Co. v. Spratley, 172 U. S. 602, 610, 19 Sup. Ct. 308, 311, 43 L. Ed. 569, the court said:

"In a suit where no property of a corporation is within the state, and the judgment sought is a personal one, it is a material inquiry to ascertain whether the foreign corporation is engaged in doing business within the state (Goldey v. Morning News, 156 U. S. 519 [15 Sup. Ct. 559, 39 L. Ed. 517]; Merchants' Manufacturing Co. v. Grand Trunk Railway Co. [C. C.] 13 Fed. 358); and, if so, the service of process must be upon some agent so far representing the corporation in the state that he may properly be held in law an agent to receive such process in behalf of the corporation. An express authority to receive process is not always necessary. We think the evidence in this case shows that the company was doing business within the state at the time of this service of process. From 1870 until 1894 it had done an active business throughout the state by its agents therein, and had issued policies of insurance upon the lives of citizens of the state. How many policies it had so issued does not appear. Its action in July, 1894, in assuming to withdraw from the state, was simply a recall of its agents doing business therein, the giving of a notice to the State Insurance Commissioner, and a refusal to take any new risks or to issue any new policies within the state. Its outstanding policies were not affected thereby, and it continued to collect the premiums upon them and to pay the losses arising thereunder, and it was doing so at the time of the service of process upon its agent. * * * It cannot be said with truth, as we think, that an insurance company does no business within a state unless it have agents therein who are continuously seeking new risks, and it is continuing to issue new policies upon such risks. Having succeeded in taking risks in the state through a number of years, it cannot be said to cease doing business therein when it ceases to obtain or ask for new risks or to issue new policies, while at the same time its old policies continue in force, and the premiums thereon are continuously paid by the policy holders to an agent residing in another state, and who was once the agent in the state where the policy holders resided."

To the like effect is Mutual Reserve Fund Life Association v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987, where it was held that, under the statutes of Kentucky, service of a summons upon the Insurance Commissioner in an action against an insurance company doing business in the state is sufficient to bring the company into court. The license of the company had been canceled by the Commissioner, but it continued thereafter to collect premiums and assessments on policies remaining in force. The court said (page 157, 190 U. S., page 709, 23 Sup. Ct., 47 L. Ed. 987):

"It was stipulated between the parties that the outstanding policies existing between the association and citizens of Kentucky were continued in force after the action of the Insurance Commissioner on October 10, 1899, and that on said policies the association had collected and was collecting dues, premiums, and assessments. It was therefore doing business within the state."

It is not claimed that the condition imposed upon the defendant in order to qualify it to transact business in North Carolina was unreasonable or invalid. Having accepted the condition, the defendant should be required to abide by it so long at least as it continued to transact business in that jurisdiction. It necessarily follows that the revocation of the power of attorney was without effect so far as regards the contracts represented by the plaintiff's judgment, and that the Insurance Commissioner, so long as the defendant continued to

transact the business of insurance in the state, remained the defendant's agent for the service of the process upon which the validity of that judgment depends.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.