George W. Woodward, Appellant, *v.* Mutual Reserve Life Insurance Company, Respondent.

Process — Foreign Judgment Founded upon Service of Process upon Agent Designated by Insurance Company in Accordance with Laws of Foreign State — Policyholder's Right to Enforce Against Company Stipulation Made for His Benefit. A stipulation made by a foreign insurance company, required by a statute of North Carolina as a condition of its doing business in that state, that process might be served upon the secretary of state as long as there might be any liability on its part under any contract of insurance entered into by it, is an agreement made for the benefit of and is enforceable by policyholders. A subsequent stipulation made by the company, required by an amendatory statute, that process might be served upon the insurance

commissioner appointed thereby, is a substitute for the original stipulation, which the legislature and the company had the power to make and inures to the benefit of and is enforceable by all policyholders whether they became such before or after the passage of the amendatory act. A personal judgment, therefore, obtained in the state of North Carolina against the company in an action commenced after the passage of the amendatory act, upon a policy issued prior thereto, cannot be successfully attacked upon the ground that jurisdiction was not acquired, for the reason that service of process was made upon the insurance commissioner and not upon the secretary of state as required by the stipulation in force when the policy was issued and was made after the company had attempted to revoke its designation of the insurance commissioner as the party upon whom service of process could be made and had ceased to do business in the state.

*Woodward* v. *Mutual Reserve Life Ins. Co.*, 84 App. Div. 324, reversed.

.(Argued May 17, 1904; decided May 31, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 6, 1903, in favor of defendant upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Richard H. Mitchell* and *Rollin M. Morgan* for appellant. The state of North Carolina had the authority to prescribe conditions upon which foreign insurance companies should be permitted to transact business in that state, and when those conditions were complied with, neither the state itself nor the insurance company could take away from the policyholders the rights thereby obtained. (*A. A. P. Co.* v. *D. P. Co.*, 169 N. Y. 506; *Hooper* v. *California*, 155 U. S. 648; *Little* v. *Banks*, 85 N. Y. 255; *Lawrence* v. *Fox*, 20 N. Y. 268.) The state has the right to change or prescribe new remedies or methods by which existing rights may be enforced, provided contract obligations are not impaired. (*R. R. Co.* v. *Hecht*, 95 U. S. 168; *O. W. Works* v. *Oshkosh*, 187 U. S. 437; *Swann* v. *M. R. F. L. Assn.*, 155 N. Y. 22.)

*Frank R. Lawrence, George Burnham, Jr.,* and *Gordon T. Hughes* for respondent. The revocation on May 17, 1899,

of the power of attorney to the insurance commissioner, executed and delivered to him the month before, terminated all authority of the insurance commissioner to receive service of process in the suit brought by this appellant. (1 Am. & Eng. Ency. of Law [2d ed.], 1217; Mechem on Agency, § 204; Story on Agency, 588; *McGregor* v. *Gardner*, 14 Iowa, 340; *Hunt* v. *Rousmanier*, 8 Wheat. 174; *Knapp* v. *Alord*, 10 Paige, 205; 2 Kent's Comm. 643.) The claim that in the exercise of the governmental powers of the state of North Carolina the respondent, once having entered the borders of the state of North Carolina, and asked and received the authority of that state to transact business there, was bound as to the matter of service of process upon it by every future change in its legislation which the state saw fit to enact from time to time, to such an extent that the power of attorney to the insurance commissioner made in April, 1899, related back and attached itself to the appellant's contract, made nearly ten years before, and that neither the revocation of the power of attorney by respondent a month after it came into existence, nor respondent's actual withdrawing and ceasing to do business in North Carolina, nor the exclusion by legislative enactment of all foreign insurance companies from the right to transact any business within that state, had any effect upon the authority of the insurance commissioner, but that it remained in full force, is untenable. (*Strain* v. *C. P. Co.*, 126 Fed. Rep. 831; *Doe* v. *S. B. Co.*, 104 Fed. Rep. 684.)

Parker, Ch. J. This cause was submitted to the Appellate Division on an agreed statement of facts pursuant to section 1279, Code of Civil Procedure. Plaintiff, a resident of North Carolina, claims a personal judgment against defendant, an insurance corporation of this state, for a sum exceeding $300. Plaintiff claims under a judgment entered by a court of general jurisdiction of North Carolina, August 20, 1900.

The Federal Constitution provides that "Full faith and credit shall be given in each state to the public acts, records

and judicial proceedings of every other state; and the congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof" (U. S. Const. art. IV, § 1), and Congress has prescribed that they shall have the same effect in every court within the United States as they have by law or usage in the courts of the state in which they originate. (U. S. Rev. Stat. p. 170, § 905.) It is well settled by our decisions that although a judgment of a court of general jurisdiction of a sister state is entitled to the benefit of the presumption of jurisdiction which exists in favor of judgments of our own courts, yet want of jurisdiction may be shown by extrinsic evidence, and even a recital in the judgment record that defendant was served or appeared by attorney or of any other jurisdictional fact, is not conclusive, and may be contradicted by extrinsic evidence. (*Ferguson* v. *Crawford*, 70 N. Y. 253, 257; *Hunt* v. *Hunt*, 72 N. Y. 217.)

Defendant attacks the North Carolina judgment on the ground that jurisdiction of defendant was not acquired by service of process upon it. The action was for breach of a contract of insurance made between plaintiff and defendant while the latter was lawfully engaged in the business of insurance in that state. Defendant, as required by the statutes of the state, had appointed an attorney upon whom process could be served. After defendant had been in business in the state a number of years such legislation was passed regulating the conduct of insurance corporations as to cause defendant to withdraw from the state. It discontinued its agencies, and attempted to revoke its designation of the insurance commissioner of the state as the person upon whom process could be served. In the North Carolina action the process was served upon the insurance commissioner after this attempted revocation; and we are to inquire whether that service gave that court jurisdiction of defendant.

Defendant commenced doing business in North Carolina under a statute passed in 1883. One section of that statute provides that the secretary of state may issue licenses to do

insurance business, but that the applicant shall file a certificate appointing a general agent and stipulating "that so long as there may be any liability on the part of the applicant, under any contract entered into in pursuance of any law concerning insurance, any legal process affecting the applicant may be served in his absence on such general agent, or on the secretary of state, and when so served shall have the same effect as if served personally on such applicant in this state."

Now the state of North Carolina had the right to exclude defendant from doing business in that state. It had the right to permit it, as it did, to transact business with its citizens, and to fix the terms and conditions upon which it should be done. This court speaking upon that subject in *People v. Fire Association of Philadelphia* (92 N. Y. 311, 327) says: "Foreign corporations, artificial beings, the product of a law not our own, have no constitutional right to pass their own borders and come into ours. The Federal Constitution has neither guarded nor secured any such right. We may exclude absolutely, and in that power is involved the right to admit upon such conditions as we please.   *   *   *   While they stand at the door bargaining for the right to come within, they may decline to come, but cannot question our conditions if they do."

As we have seen, the legislature of North Carolina provided that as a condition of doing business in the state an insurance company must stipulate that any legal process affecting the applicant might be served upon its general agent or upon the secretary of state, with the same effect as if served personally, and this provision was not limited to the period during which the company should continue to do business within the state, but was to be effectual so long as there should remain "any liability on the part of the applicant under any contract entered into in pursuance of any law concerning insurance."

When defendant commenced issuing policies in that state after having complied with the conditions of the statute, its obligations toward its policyholders in that regard were pre-

cisely the same as if its promises to the state had been incorporated in the policies, and thereafter, whether the company continued to do business in the state or not, policyholders could commence actions by service of process upon the secretary of state.

Process was not served on the secretary of state, however, owing to an amendment of the statute, and action taken thereunder by defendant; and it is argued that the action of the legislature was without authority to affect the contract existing between plaintiff' and defendant which, as we have seen, when read in connection with the statute and defendant's action thereunder, provided that an action could be brought on the contract against defendant by serving the secretary of state.

In March, 1899, a new department of the state government of North Carolina was created, known as the insurance department. Supervision and control of domestic and foreign insurance companies and the regulation of the insurance business was transferred to that department, the head of which was the commissioner of insurance. The act creating that department provides that no foreign insurance corporation shall do business in the state until " It shall, by duly executed instrument filed in his office, constitute and appoint the insurance commissioner, or his successor, its true and lawful attorney, upon whom all lawful processes in any action or legal proceedings against it may be served, and therein shall agree that any lawful process against it which may be served upon its said attorney shall be of the same force and validity as if served on the company, and the authority thereof shall continue in force irrevocable, so long as any liability of the company remains outstanding in this commonwealth." The legislature intended to relieve the secretary of state of all connection with the insurance business and place it in the hands of the insurance commissioner.

This defendant—in obedience to the statute, and apparently desiring to continue to do business in the state — filed with the commissioner of insurance a power of attorney, conforming

entirely with the requirements of the statute, and stipulating that "All lawful processes in any action or legal proceeding against it" might be served upon said commissioner "subject to and in accordance with all the provisions of the laws of the state of North Carolina now in force, and such other laws as may hereafter be enacted in relation thereto, and  *  *  * shall be of the same force and validity as if served upon this company, and this authority shall continue in force irrevocably so long as any liability of said company remains outstanding in the said state." Thereafter defendant, for a brief period at least, continued to solicit insurance risks within the state.

Now, as we have said, prior to the passage of this act, and the execution of this instrument, policyholders had the right to institute actions by service of process upon the secretary of state; but it was within the power of the legislature of the state and defendant company to substitute another as the person upon whom process should be served. The state selected the insurance commissioner, and defendant accepted the substitute, and evidenced its acceptance, as the statute provided, by the execution and filing of an authority for the service of process upon the commissioner, stipulating therein that the authority should continue in force as long as any liability of the company remained outstanding in the state. This latter clause added nothing to the burdens already resting upon defendant as to policies issued by it, for as we have seen, the statute under which defendant commenced to do business in the state required a stipulation for service of legal process upon the secretary of state so long as there should remain any liability under any contract. As to the contracts already in existence, then, such as plaintiff's, the effect of the provisions of the later statute, and defendant's action thereunder, was to substitute the insurance commissioner for the secretary of state as the party upon whom process should be served.

The power of the legislative department of the state government and defendant to accomplish such a result cannot be doubted. The state had the right to make condi-

tions upon which defendant should engage in business in the state. It had the power to add conditions after defendant commenced to do business, which could be complied with, or defendant could leave the state, as it chose. The condition that the insurance commissioner be substituted for the secretary of state was promptly accepted by defendant, which thereafter continued to do business in the state. And as these conditions were imposed by the state and accepted by defendant for the benefit of the policyholder, he could take advantage of them.

In *Little* v. *Banks* (85 N. Y. 258) a citizen recovered for himself a judgment for damages stipulated in a contract between defendant and state officers authorized to make it by a statute which aimed to secure to the public the reports of decisions of the Court of Appeals at a reasonable rate, and to that end provided for the publication thereof " by contract, to be entered into  *  .* *   with the person or persons who *  *  *   shall agree to publish and sell the said reports on terms the most advantageous to the public." A contract was made with Banks, a book publisher, fixing the contract price per volume to every other law book seller in New York city and Albany applying therefor in at least a specified quantity. And the contract further provided that for any failure of the contractor " to keep on sale, furnish and deliver " the volumes as agreed, he should " forfeit and pay  *  *  *   the sum of $100 hereby fixed and agreed upon, not as a penalty, but as liquidated damages  *  *  *   to be sued for and recovered by the person or persons so aggrieved." Little, a book seller, applied to defendant, the contractor, for the requisite number of volumes, tendering the stipulated price, which defendant refused to accept. Little then commenced an action to recover $100 for each refusal, and the recovery had by him in the trial court was affirmed in the General Term, and finally in this court. Therefore, it is held in that case, in effect, that a citizen can enforce an agreement made for his benefit by the state, and the principle is applicable not only to the first situation, created by defendant's acceptance of the terms imposed

by the statute of 1883 — which assured to plaintiff, and all others to whom defendant issued policies prior to the act of 1899, the right to commence action against defendant by service of process on the secretary of state — but also to the substitutional provision of the act of 1899, and its acceptance by defendant, evidenced by its designation of the insurance commissioner as the person on whom process might be served.

True, a subsequent statute practically drove defendant out of the state, but that statute could not affect the rights already secured to those who had entered into contract relations with defendant prior to that time.

The conclusion we have reached agrees with that of the courts of North Carolina (*Biggs* v. *Mutual Reserve Fund Life Assn.*, 128 N. C. 5), and with the Supreme Court of the United States. (*Mutual Reserve Fund Life Assn.* v. *Phelps,* 190 U. S. 147, 158.)

The judgment should be reversed, and judgment for plaintiff granted on the submission, with costs.

Gray, Martin, Cullen and Werner, JJ., concur; O'Brien, J., dissents; Haight, J., absent.

Judgment reversed, etc.