(97 App. Div. 222.)

### HUNTER v. MUTUAL RESERVE LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. September 29, 1904.)

1. INSURANCE — FOREIGN CORPORATIONS — STATE LAW — RESIDENT AGENT— PROCESS—SERVICE—AUTHORITY—TERMINATION.

Laws N. C. 1899, p. 176, c. 54, § 62, prohibits any foreign insurance company from doing business within the state until it has appointed the Insurance Commissioner its attorney to receive service of process, and declares that his authority shall be irrevocable as long as any liability of the company remains outstanding within the state. Defendant complied with such act, but thereafter attempted to revoke the Insurance Commissioner's authority, and, though it thereafter accepted no new business within the state, it continued to receive premiums on outstanding business and to settle claims through agents. *Held*, that such attempted cancellation of the Insurance Commissioner's power was invalid, both as to transactions originating within the state and also with regard to claims on policies issued to persons in other states on which suits were properly brought in North Carolina.

Submission of controversy between Wilson R. Hunter, plaintiff, and the Mutual Reserve Life Insurance Company, defendant. Judgment for plaintiff.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Paul Armitage, for plaintiff.

Frank R. Lawrence (George Burnham, Jr., and Gordon T. Hughes, on the brief), for defendant.

HOOKER, J. In this submission of controversy upon agreed statement of facts it appears that the plaintiff is the assignee and owner of five judgments recovered against the defendant in the state of North Carolina by citizens in that state in the month of May, 1902. The defendant is a life insurance corporation organized and existing under the laws of the state of New York. For

many years prior to the 18th day of May, 1899, it did a regular insurance business, soliciting insurance, paying claims, and receiving premiums in the state of North Carolina. Section 62, c. 54, p. 176, of the Laws of 1899 of North Carolina, in effect March 6, 1899, provided, inter alia, that no foreign insurance corporation should do business in that state "until it shall, by duly executed instrument filed in his office, constitute and appoint the Insurance Commissioner or his successor its true.and lawful attorney upon whom all lawful process in any action or legal proceeding against it may be served, and therein shall agree that any lawful process against it which may be served upon its said attorney, shall be of the same force and validity as if served upon the company, and the authority thereof shall continue in force irrevocable so long as any liability of the company shall remain outstanding .in this commonwealth." On or about the 13th day of April, 1899, the defendant, pursuant to this statute, by a duly executed instrument in writing, filed in his office, constituted and appointed the Insurance Commissioner or his successor its true and lawful attorney "upon whom all lawful process in any action or legal proceeding against it may be served, subject to and in accordance with all the provisions of the laws of the state of North Carolina now in force and such other laws as may hereafter be executed in relation thereto; and said company does hereby expressly agree that any lawful process against it which may be served upon said James R. Young, Insurance Commissioner, or his successor, shall be of the same force and validity as if served on this company, and. this authority shall continue in force and irrevocable so long as any liability of said company remains outstanding in said state." On the 17th day of May, 1899, the defendant attempted to withdraw the designation and appointment of the Insurance Commissioner theretofore made, and to revoke his authority, and the next day .withdrew its agents from the state, closed its offices there, and wrote no more new policies. The actions which resulted in the judgments in the state of North Carolina, assigned to this plaintiff, were commenced by the service of lawful process upon James R. Young, the Insurance Commissioner of the state of North Carolina, after the attempted revocation; and at the time of the service of these processes the defendant had outstanding liabilities in the state of North Carolina on policies it had issued to the citizens of that state. Although it withdrew its agents therefrom, it thereafter continued to collect and receive premiums through the mail, and pay losses in the same way. In addition to this class of business, the record states four particular instances of other business. In one an agent was sent into the state to adjust particular losses; in another it designated a bank within the state to collect premiums upon certain policies and pay death losses thereon; again, it employed an attorney within that state, and authorized him to compromise a disputed claim; and, fourth, a new policy to an old policy holder was issued on the surrender of his first policy. These acts were all of them performed subsequent to the attempted revocation of the power of attorney. As

to the validity of one of the judgments for $1,172.92, the defendant, while contending that the courts of North Carolina had no jurisdiction to render any personal judgment against it, makes no attempt to distinguish the facts surrounding the rendition of that judgment from the principles declared by the Court of Appeals in Woodward v. Mut. Reserve Life Ins. Co., 178 N. Y. 485, 71 N. E. 10, and, in any event, judgment must be awarded to the plaintiff, the assignee of that judgment, for that amount, on the authority of the Woodward Case. As to the remainder of the plaintiff's claim, however, the defendant asserts that, inasmuch as the suits in North Carolina arose upon four separate contracts of insurance made by the defendant, one with Davis, a citizen of the state of New Jersey, two with Meinhard, and one with Armitage, citizens of the state of New York, and did not arise out of the facts or circumstances connected with policies solicited by the defendant and written in the state of North Carolina, the judgments of the courts of that state awarding damages were without jurisdiction and void, and should not support this action.

The principal questions presented by this record in reference to the construction of the foregoing enactment of the legislature of the state of North Carolina, and other similar statutes, and by the acts performed thereunder and in respect thereof by the defendant, and the rendition of judgments after personal service upon Commissioner Young, have so recently been discussed at length in the Woodward Case and in Birch v. Mut. Reserve Life Ins. Co., 91 App. Div. 384, 86 N. Y. Supp. 872, in this department, that it is unnecessary to discuss those questions here. In the Birch Case the policies which gave rise to the action were all executed presumably in reliance upon the provisions of the law of North Carolina requiring the maintenance of an attorney or agent in that state upon whom service might be made, and it was held that the courts of that state acquired jurisdiction of this defendant by service of process upon the Insurance Commissioner after the attempted revocation. Here, however, the contracts of insurance were made without that state, and, although the assignee of the cause of action resided there at the time he brought his actions by service of process upon the Insurance Commissioner, the defendant urges that such service was void, and that the attempted revocation of the appointment or designation of him as agent or attorney upon whom process might be served was sufficient to revoke his authority in that particular, at least in relation to actions brought against it growing out of policies actually written or contracts actually made in some state other than North Carolina. I cannot give my accord to that view. The Court of Appeals pointed out in the Woodward Case that a state might properly prescribe any terms whatsoever as a condition precedent of the transaction of business by a foreign corporation knocking at its doors for admission. In the case at hand the defendant was not permitted to enter and transact business until it consented to and did designate the Commissioner of Insurance its agent upon whom process might be served; and the designation, following the re-

quirements of the statutes, provided that Young or his successor was constituted the true and lawful attorney of the defendant upon whom all lawful process in any action or legal proceeding against it may be served; and the defendant expressly further agreed that any lawful process against it which might be served upon the commissioner should have the same force and validity as if served upon the company, and that this authority should continue in force and irrevocable so long as any liability of said company remained outstanding in said state. This does not limit the character of liability even to matters arising out of the transaction of insurance business. It does not seek to limit the designation to exclude service of process in actions of negligence, on contracts other than arising out of the insurance business, or real estate transactions. Assuming that the defendant had negligently inflicted injuries upon some citizen of the state of North Carolina in and about the business of maintaining the offices which it operated in that state prior to the 18th day of May, 1899, or assuming that it had failed to pay an agent in that state his salary, or assuming that at the time of its withdrawal it was liable for the rent of the premises it had occupied for an agency, under the view the defendant wishes us to take neither the individual who sustained the personal injuries, nor the agent, nor the landlord, might have obtained jurisdiction of the defendant in an action in that state to obtain redress by service of process upon the insurance company made within, say, a week after the cause of action arose, and within that length of time after the attempted revocation of the designation of the commissioner as attorney. There is nothing in the statute and nothing in the designation pointing to an indication that the designation was limited to any particular class of actions, and without such limitation I am of the opinion that, so long as any liability of the defendant remained outstanding in the state of North Carolina, valid service of process against it might be made upon the Insurance Commissioner.

Then, again, if the construction asked by the defendant should prevail, a citizen and resident of North Carolina would be without power to reach the defendant through the commissioner, where, prior to the revocation, he had purchased a policy in the state of Virginia, and later removed to the state of North Carolina. So, too, a resident of the latter state would be without a like remedy were he the beneficiary in a policy actually issued and written in the state of Kentucky. There is no limitation in the statute sufficient to exclude such cases from its benefit, nor to exclude the one in hand.

Judgment should therefore be directed for the plaintiff under the stipulation for the sum of $9,965, with interest thereon from the 5th day of May, 1902, together with costs. All concur.