by the facts, and is in harmony with the law and with the contract exist-ing between the parties.

We have examined the errors alleged on the part of the defendant, but do not find any which call for a reversal of this judgment.

The judgment and order appealed from should be affirmed, with costs. All concur.

---

### HUNTER v. MUTUAL RESERVE LIFE INS. CO.

(Supreme Court, Appellate Term.   June 28, 1906.)

CORPORATIONS—FOREIGN CORPORATION—ACTION AGAINST—PROCESS—SERVICE.
    Where a foreign life insurance company formally withdrew from the transaction of business in North Carolina, and revoked the appointment of one whom it had appointed as its representative to receive service of process, and thereafter a policy which constituted a contract of South Carolina was assigned to a citizen of North Carolina, who brought an action thereon, service of process upon the agent whose authority had been revoked was of no avail, and the court acquired no jurisdiction.

    [Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2615.]

Appeal from City Court of New York, Trial Term.

Action by Wilson R. Hunter against the Mutual Reserve Life In-surance Company.   From a judgment in favor of plaintiff, defendant appeals.   Reversed and rendered.

Argued before GILDERSLEEVE, LEVENTRITT, and Mc-CALL, JJ.

George Burnham, Jr. (Gordon T. Hughes, of counsel), for appellant.
Albert P. Massey, for respondent.

GILDERSLEEVE, J.   Previous to May 18, 1899, the defendant had appointed, under the then existing law of North Carolina, one James R. Young as its representative or attorney for the purpose of receiving service of process upon defendant in that state.   On May 18, 1899, this appointment was revoked, and defendant formally withdrew from doing business in North Carolina.   After that business was done through the defendant's New York office, so far as the North Carolina then existing policies were concerned, which business consisted merely in receiving money and mailing remittances.   Some four instances, however, are cited by plaintiff as tending to show that defendant con-tinued to do business to some extent in North Carolina, notwithstand-ing its formal withdrawal from that state, and although, under the laws of North Carolina, it was illegal for defendant to so transact business in that state.   In December, 1894, defendant had issued a policy of insurance to one Gibson, who was a resident of South Carolina, not of North Carolina, and the policy was delivered in South Carolina, so that the contract was one of South Carolina, and not of North Carolina. In 1896 said Gibson assigned this policy to one Carter, a citizen of North Carolina.   Upon this policy said Carter sued defendant in the superior court of North Carolina for damages for an alleged improper increase of assessments demanded by the defendant from certain policy

holders.   Process was served in that action on said James R. Young in North Carolina on November 18, 1902, several years after the revocation of the appointment of said Young, as above stated, and after the formal withdrawal of defendant from the state.   The defendant did not appear in said action, and a personal money judgment was recovered against defendant in favor of said Carter in the said superior court of North Carolina.   This judgment was assigned to the plaintiff herein, who is a citizen of New York.   The plaintiff brought this action to recover on said North Carolina judgment.   The action was tried before the court without a jury, and judgment was given for plaintiff.   Defendant appeals.

The question at issue was as to the service of process on said Young being binding on defendant; in other words as to the jurisdiction of the North Carolina court.   The court below based its decision on the cases of Woodward v. Mutual Reserve Life Ins. Co., 178 N. Y. 485, 71 N. E. 10, 102 Am. St. Rep. 519; Mutual Reserve Life Ins. Co. v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987; Johnson v. Mutual Reserve Life Ins. Co., 43 Misc. Rep. 251, 87 N. Y. Supp. 438; Birch v. Mutual Reserve Life Ins. Co., 91 App. Div. 384, 86 N. Y. Supp. 872.   It seems to us that the case of Hunter v. Mutual Reserve Life Ins. Co., 184 N. Y. 136, 76 N. E. 1072, is controlling in the case at bar.   There a distinction was drawn between cases where the contracts were made with citizens of North Carolina, and those where the contracts were made with citizens of other states and assigned to citizens of North Carolina.   In the case at bar, as we have seen, the contract was made with Gibson, a citizen of South Carolina, and assigned to Carter, a citizen of North Carolina.   The Court of Appeals say (page 145 of 184 N. Y., page 1074 of 76 N. E.) :

"The assignees [residents of North Carolina] who saw fit to embark upon the acquisition of foreign claims, did not do so in innocent reliance upon the right to bring such suits in their own state, for long before they began the accumulation of claims against the defendant, it had formally, and, as we believe, in good faith, withdrawn from the state, and given formal notice of its revocation of the power of attorney.   They did not acquire any such right to enforce jurisdiction in the courts of their own state against defendant as makes it in any way inequitable or unjust that the power of attorney should be revoked.   *   *   *   We not only think that it is legal and equitable that defendant's revocation should be effective as against these parties, but that it would be extremely inequitable to hold the reverse."

Upon this authority the judgment must be reversed, and, as it appears impossible to change the evidence upon a new trial, the complaint must be dismissed, and judgment absolute given for the defendant, with costs.

McCALL, concurs.   LEVENTRITT, J., taking no part.