(118 App. Div. 94)

### HUNTER v. MUTUAL RESERVE LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

INSURANCE—FOREIGN INSURANCE COMPANIES—SERVICE OF PROCESS AGAINST.

Where an insurance company foreign to North Carolina filed with the insurance commissioner of that state a stipulation for service of process against the company upon the commissioner, but thereafter attempted to revoke the designation and withdrew from business in the state, but before such attempted revocation a policy issued to a resident of South Carolina had been assigned to a resident of North Carolina, and the assignee, after the revocation, sued the company in a court of general jurisdiction of the state of North Carolina and obtained judgment, it was a valid judgment, enforceable against the company in the courts of New York, since it must be assumed that the assignee took the assignment relying on the faith of the company's designation, and his interest was such that as to him the designation was irrevocable.

Scott, J., dissenting.

Appeal from Appellate Term.

Action by Wilson R. Hunter against the Mutual Reserve Life Insurance Company. Appeal by plaintiff by permission (101 N. Y. Supp. 1126) from an order of the Appellate Term (99 N. Y. Supp. 888), reversing a judgment for plaintiff and against defendant, and dismissing plaintiff's complaint. Reversed.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Albert P. Massey, for appellant.
Gordon T. Hughes, for respondent.

HOUGHTON, J. This action was begun in the City Court of the City of New York and judgment was rendered in plaintiff's favor. An appeal was taken to the Appellate Term of the Supreme Court, where the judgment was reversed, and by permission the plaintiff has appealed to this court.

The action is upon a judgment obtained in a court of general jurisdiction of the state of North Carolina by one Carter against the defendant upon service of process upon the commissioner of insurance of that state. Such judgment was assigned to this plaintiff, who brings this action, asserting that it is conclusive upon the defendant. The position of defendant is that no jurisdiction was obtained over it by the North Carolina court by service of process in this manner. The validity and conclusiveness of North Carolina judgments against this defendant, obtained for the same cause and by sim-

ilar service of process, have been recently considered by the Court of Appeals in two cases. The first is Woodward v. Mutual Reserve Life Insurance Company, 178 N. Y. 485, 71 N. E. 10, 102 Am. St. Rep. 519, in which it was held that a valid personal judgment could be obtained against defendant in the courts of North Carolina by service of process upon the commissioner of insurance of that state, where a policy had been issued by defendant to a resident of that state prior to the revocation of the designation of such commissioner as the person upon whom process against defendant might be served. The basis of the decision was that such designation was a part of defendant's contract of insurance with residents of the state of North Carolina, and that as to such policy holders the designation was irrevocable. The second case is Hunter v. Mutual Reserve Life Insurance Company, 184 N. Y. 136, 76 N. E. 1072, where it was held that this rule did not apply to policies issued to residents of other states, claims under which were assigned to a resident of North Carolina after the revocation of such designation. The basis of this latter decision was that, the policy not having been issued nor the claim created upon the faith of the designation of a person upon whom process might be served in that state, the defendant might revoke the same.

The present case differs in its facts from both of the above. The policy of life insurance or certificate under which the action in North Carolina was brought was issued on December 6, 1894, to one Gibson, a resident of South Carolina; his wife being the beneficiary. On the 23d day of January, 1896, the insured and the beneficiary assigned this policy, as is claimed, with the assent of defendant, to one Carter, a creditor, a resident of North Carolina, who held the same as such assignee on the 17th day of May, 1899, when the defendant revoked its designation of the commissioner of insurance of North Carolina as the person upon whom process might be served upon it in that state, and, as is alleged, withdrew from business therein because of adverse legislation. Carter, continuing to hold such policy as assignee, thereafter brought action against defendant in the superior court of North Carolina, which is admitted to be a court of general jurisdiction, serving process upon the commissioner of insurance, and obtained by default the judgment which he assigned to plaintiff and upon which this action is brought. The validity of the assignment to Carter is not questioned, and it therefore appears that, more than three years before the attempted revocation of the designation of a person upon whom process against defendant might be served in the state of North Carolina, a resident of that state acquired such rights and interests as flowed from the policy of insurance. It must be assumed that Carter took the assignment relying upon the faith of such designation, and in our opinion his interest in the policy was so founded upon it that as to him the designation was irrevocable. The assignment of all interest in a policy of insurance issued in another state to a resident of North Carolina years before any attempted revocation of designation is manifestly governed by the same principle as the issuing of a policy directly to a resident of that state. The

'decision of this case is therefore controlled by the rule laid down in the Woodward Case, supra, rather than by that of the Hunter Case, supra. In the latter case the assignments were not made until ·after the revocation, and, therefore, could not have been taken on the faith of the existing designation.

Our conclusion is that the order and judgment of the Appellate Term should be reversed, and the judgment of the City Court affirmed, with costs.

PATTERSON, P. J., and LAUGHLIN and LAMBERT, JJ., concur.

SCOTT, J. (dissenting). In Woodward v. Mutual Life Insurance Co., 178 N. Y. 485, 71 N. E. 10, 102 Am. St. Rep. 519, the action was founded upon policies issued to citizens of North Carolina before the attempted revocation of the power of attorney given to the insurance commissioner of that state to accept service of process on behalf of the defendant, and the validity of such service, after the attempted revocation, was sustained expressly upon the ground that the statutory obligation to keep an agent in the state upon whom process could be served, being in force when the policy was issued, was to be considered "precisely the same as if its promises to the state had been incorporated ·into the policies." In other words, as to policies issued in North Carolina the court read into the contract, as one of its provisions, a stipulation on the part of the company as to the statutory provision that an agent should be kept in the state in which the contract was made upon whom process might be served, so that any question arising under the contract could be litigated in the courts of the state in which the contract originated. The policy involved in this action originated in South Carolina, and was issued to a citizen of that state, and certainly by no construction can an agreement be read into such a contract that the company will keep an agent in North Carolina to receive service of process there. The plaintiff's assignor had no contractual relations with the defendant company, except such as he derived from his assignor, to whom the policy was originally issued, and any agreement between him and the company must be found within the lines of the policy, ·or be read into it by legal intendment, and neither in the letter of the policy nor by legal implication can there be found a promise to maintain an agent in North Carolina for the purpose of receiving service of process in an action arising upon a South Carolina contract. As was said in Hunter v. Mutual Reserve Life Ins. Co., 184 N. Y. 136, 76 N. E. 1072:

"Claims under contracts executed in other states cannot by any. possibility be regarded as having been contracted or acquired in reliance upon the provision for service in the state of North Carolina."

In my opinion, the judgment of the Appellate Term should be affirmed, with costs, and judgment absolute be awarded to defendant upon the plaintiff's stipulation.