CULLEN, Ch. J., GRAY, VANN, WILLARD BARTLETT and CHASE, JJ., concur; HAIGHT, J., dissents.

Order affirmed.

---

WILSON R. HUNTER, Respondent, *v.* MUTUAL RESERVE LIFE INSURANCE COMPANY, Appellant.

SERVICE OF PROCESS — DESIGNATION BY FOREIGN INSURANCE COMPANY OF PERSON UPON WHOM PROCESS MAY BE SERVED — WHEN SUCH DESIGNATION CANNOT BE REVOKED. Where a state, by various statutes, requires life insurance companies, as a condition of doing business within the state, to designate some representative upon whom service

of process may be made, and in effect prohibits them from revoking such designation so long as any liabilities remain outstanding against them within the state, a life insurance company, which had complied with such requirement, and done business within the state, cannot withdraw therefrom and revoke its designation of a representative, so as to prevent service of process in an action brought upon a contract of insurance by an assignee thereof, who lived in the state, although such contract was made with a non-resident of the state, where the contract was transferred to such assignee in good faith, and not merely for the purpose of bringing an action thereon, several years before the company had attempted to cancel its power of attorney for the service of process; especially where the facts justify the inference that for several years such assignee, while living in the state, had paid dues to the company, and thereby maintained the validity of the contract of insurance.

   *Hunter* v. *Mutual Reserve Life Ins. Co.*, 118 App. Div. 94, affirmed.

(Argued March 11, 1908; decided April 21, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 11, 1907, which reversed an order of the Appellate Term reversing a judgment of the City Court of the city of New York in favor of plaintiff, and affirmed said City Court judgment.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Sewell T. Tyng* and *Gilbert E. Roe* for appellant. The appointment of the agent for service of legal process was revocable by the defendant as against all persons, except those for whose benefit it was made and who had acquired an interest in its maintenance; and a citizen of North Carolina, who had obtained a policy of defendant issued by it to a citizen of another state, by assignment from the latter made after the revocation of the authority of such agent is not one for whose benefit the appointment was made, or who had an interest therein. (*Hunter* v. *R. L. Ins. Co.*, 184 N. Y. 136.) Neither at the time of the attempted service of process on the insurance commissioner in the North Carolina action wherein the judgment here sued on was rendered, nor for

several years prior thereto was the defendant " doing business" in North Carolina. (*Knight Templars* v. *Jarman,* 187 U. S. 197; *Flynn* v. *U. S. & G. Co.,* 170 N. Y. 145.) The state of North Carolina never required defendant to appoint irrevocably an agent therein for service of process for the benefit of those of its citizens who acquired by assignment insurance contracts issued to citizens of other states and enforceable under and according to the laws of such other states; and defendant never agreed to any such requirement. (*Phelps* v. *M. R. F. L. Assn.,* 190 U. S. 147 ; *Germania Ins. Co.* v *Ashley,* 23 Ky. L. R. 1564; *Conn. Mut. L. Ins. Co.* v. *Sprathley,* 172 U. S. 602; *Williams* v. *M. R. F. L. Assn.,* 58 S. E. Rep. 802.)

*Albert P. Massey* for respondent. Plaintiff's assignor was plainly within the protection of the North Carolina statutes. (*Woodward* v. *M. R. L. Ins. Co.,* 178 N. Y. 485; May on Ins. § 276; Bacon on Ben. Soc. & Life Ins. § 299 ; *A. M. L. Ins. Co.* v. *Gannon,* 178 Mass. 291; *Bacon* v. *Nat. Life Assn.,* 63 Conn. 529.) The defendant was doing business in the state, at least so far as the North Carolina plaintiff Carter was concerned, to such an extent as to make the service in this case " due process of law." (*Phelps* v. *M. R. L. Ins. Co.,* 190 U. S. 157; *Duncomb* v. *N. Y., H. & N. R. R. Co.,* 84 N. Y. 190; *Hintermister* v. *F. Nat. Bank,* 64 N. Y. 212.)

HISCOCK, J. This action was brought on a judgment recovered in the state of North Carolina against appellant, a life insurance company organized under the laws of the state of New York, by respondent's assignor, one Carter, a resident of the former state.

Said judgment was recovered on a contract of insurance made by appellant with a resident of South Carolina, which is said to have been assigned by the latter to Carter while the appellant was transacting the business of insurance in North Carolina. The judgment was based on a substituted service

made in the latter state on an individual designated by the appellant for that purpose in accordance with statutes requiring it to make such designation as a condition of doing business there, and in effect prohibiting it from revoking such designation so long as any liabilities remained outstanding against it in said state. Said service was not made, however, until after the appellant had discontinued the transaction of its business in North Carolina and had in terms revoked said designation. (*Hunter* v. *Mutual Reserve Life Ins. Co.,* 184 N. Y. 136.)

The appellant did not appear in the original action and it is urged by it that the various statutes referred to requiring it to designate some person upon whom service of process might be made and forbidding it to revoke such designation were adopted only for the protection of those persons residing in the state of North Carolina with whom original contracts of insurance might be made, and were not enacted for the protection of an assignee of a contract of insurance although residing in said state if such contract was originally made with a person living outside of the state.

This appeal has been argued plainly and expressly on the assumption by the appellant as well as by the respondent that the contract of insurance upon which the original judgment was recovered was transferred to the North Carolina assignee several years before the appellant ceased doing business in that state and attempted to revoke its designation of a representative for purposes of service of process, and that it was transferred in good faith and not merely for the purpose of enabling such assignee to bring suit in the state where he lived. And of course the further inference follows from the facts so assumed that for several years such assignee while living in said state paid dues to and maintained the validity of the contract with the appellant. Upon this assumption we think that the statutes adopted by the state of North Carolina prevailed for the protection of such assignee and that appellant could not withdraw from the state and cancel its designation and power of attorney so as to prevent service of process in that state in

behalf of such assignee in any action brought upon said contract of insurance.    This we think is the fair interpretation of such statutes in the light of what was said in *Woodward* v. *Mutual Reserve Life Ins. Co.* (178 N. Y. 485) and in *Hunter* v. *Mutual Reserve Life Ins. Co.* (184 N. Y. 136).

But when we examine the record submitted to us we are unable to find any competent proof that the contract of insurance upon which the North Carolina action was brought was assigned to a resident of that state several years before the appellant attempted to cancel its power of attorney.    Our attention has not been called to any such evidence and we have been unable to discover the same by our examination. Still we must believe that the learned counsel for the appellant was fully acquainted with the facts which were established and that his failure either by his brief or by his oral argument to raise any question about the existence of said facts, which are alleged in various ways, while he argues that the existence of such facts did not give the North Carolina court jurisdiction, must be deemed to indicate his intent to waive the prior question of proof.    We are unable to take any other view of the course adopted by him than that he desires to have us decide the substantial question involved on the theory very likely that any evidence now wanting would be supplied on another trial.

In accordance with these views we think that the order and judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Order and judgment affirmed.