BULLOWA v. PROVIDENT LIFE & TRUST CO. OF PHILADELPHIA.

(Supreme Court, Appellate Division, First Department. April 24, 1908.)

1. INTERPLEADER—PROCEDURE—MOTION.
    A party can only be interpleaded by motion in the manner prescribed by Code Civ. Proc. § 820, and not by an order to show cause.

2. PROCESS—JURISDICTION—NONRESIDENTS—SERVICE BY MAIL — PERSONALLY WITHOUT STATE.
    Courts of one state cannot obtain jurisdiction over citizens and residents of another state by notice served by mail or served personally without the state.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, §§ 69, 70.]

3. INTERPLEADER—PROCESS—NOTICE—SERVICE.
    Code Civ. Proc. § 820, provides that a defendant, at any time before answer, on proof by affidavit that a person not a party to the action makes a demand against him for the same debt or property, without collusion with him, may apply to the court, on notice to that person and the adverse party, for an order of interpleader, on paying into court the amount of the debt, etc. *Held* that, where suit was brought against a nonresident insurance company on a policy payable without the state, defendant could not obtain an order interpleading a nonresident adverse claimant on whom personal service could not be made within the state, on paying the amount of the claim into court.

Appeal from Special Term.

Action by Emilie M. Bullowa against the Provident Life & Trust Company of Philadelphia. From an order denying defendant's motion for an order substituting Henry W. Thurston in its place and stead,

and discharging defendant from liability on its paying into court the amount to be paid on the policy sued on, defendant appeals.  Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Henry W. Jessup, for appellant.
Laurence A. Tanzer, for respondent.

LAUGHLIN, J.  This is an action by the assignee of a policy of insurance issued by the defendant on the life of Henry W. Thurston to recover the sum of $1,000 which the company agreed to pay at the expiration of 20 years from the date of the policy, provided Thurston should then be living.  The plaintiff alleges that the defendant is a corporation organized under the laws of Pennsylvania, and is conducting the business of life insurance; that on the 19th day of October, 1887, it issued the policy in question to Thurston, agreeing to pay the sum of $1,000 at its office in Philadelphia to him or his assigns in 20 years, if he should then be living, and in the event of his death prior to that time it agreed to pay a like amount to his wife, if living, and, if not, to his executors, administrators, or assigns within 60 days after notice and due proof of death; that on the 31st day of October, 1901, Thurston and his wife duly assigned the policy to one Clark, who on the 6th day of February, 1907, duly assigned it to the plaintiff; that all of the conditions to be performed by the insured were performed, and he was living on the 19th day of October, 1907, which was the expiration of the period of 20 years; and that payment has been duly demanded and refused.  The defendant concedes its liability on the policy, but is desirous of having Thurston interpleaded, for the reason that he claims that the assignment was invalid.  The moving papers show that Thurston resides at Saddle River, in the state of New Jersey.  The notice, which was in the form of an order to show cause, was served upon him by mail at that address and personally without the state.  On the return day he appeared specially and opposed the motion upon the ground that, he being a nonresident, the court had no jurisdiction and could not thus acquire jurisdiction over him.  It appears that, when the policy was assigned to Clark, Thurston executed to him a power of attorney to collect the shares of the surplus as the same should be credited to said policy from time to time.  On or about the 29th day of January, 1906, the company was notified by Thurston that Clark had no lawful claim to the policy, and that all dividends, as well as the principal, should be paid to him, and on or about the 16th day of February thereafter Thurston executed a paper revoking and annulling the power of attorney to Clark. The defendant further shows that on the 17th day of October, 1907, in an action brought by Thurston against Clark in Hudson county circuit court, New Jersey, a writ of attachment was issued and served on the general agent of the defendant while in the state of New Jersey on the 18th day of October, 1907, purporting "to attach the rights and credits, moneys and effects, goods and chattels, lands and tenements" of said Clark.  Thurston has also filed a bill in the Court of Chancery in New Jersey against the defendant and Clark, for the

purpose of setting aside the assignment of the policy, but the service upon Clark therein has been set aside.

The good faith of the defendant in making the motion is not questioned, but the power of the court to grant the order is challenged. Courts of equity have jurisdiction to entertain an action of interpleader in a proper case; but a party can only be interpleaded by motion, in accordance with section 820 of the Code of Civil Procedure, which provides as follows:

"A defendant against whom an action to recover upon a contract or an action of ejectment, or an action to recover a chattel, is pending, may, at any time before answer, upon proof, by affidavit, that a person not a party to the action makes a demand against him for the same debt or property, without collusion with him, apply to the court, upon notice to that person and the adverse party, for an order to substitute that person in his place and to discharge him from liability to either, on his paying into court the amount of the debt, or delivering the possession of the property, or its value, to such person as the court directs; or upon it appearing that the defendant disputes in whole or in part the liability as asserted against him by different claimants, or that he has some interest in the subject-matter of the controversy which he desires to assert, his application may be for an order joining the other claimant or claimants as codefendants with him in the action. The court may in its discretion, make such order, upon such terms as to costs and payment into court of the amount of the debt or part thereof, as may be just, and thereupon the entire controversy may be determined in the action."

It is manifest that no benefit or advantage over and above an ordinary notice could accrue to the defendant under this section by the order to show cause, except in so far as it shortened the notice of motion. The Code requires notice to the party to be brought in, and does not leave it to the court to prescribe what that notice shall be. It necessarily follows that it must be personal notice, or the equivalent thereof, and it needs the citation of no authorities to show that the courts of one state cannot obtain jurisdiction over citizens and residents of another state by notice served by mail or served personally without the state. It is also evident that these provisions of the Code of Civil Procedure contemplate that the notice shall be such that the court may thereby obtain jurisdiction over the party without the service of other process, and may thereupon, if the facts warrant it, make the order discharging the original defendant and substituting the new defendant thus brought in on notice. It would seem, therefore, that this section of the Code of Civil Procedure does not authorize such a substitution of a nonresident unless service is made personally within our own state or the party voluntarily appears and submits to the jurisdiction of the court.

The learned counsel for the appellant attempts to spell out authority under these provisions upon the theory that, when it pays the money into court, the controversy will become one over a fund within the jurisdiction of the court, and that by their bringing a new action or otherwise the court may obtain jurisdiction to decide who is entitled to the fund, as in all suits in equity or actions in the nature of proceedings in rem. We do not agree with this contention. It is true that, if the fund were within this state, by an appropriate action the court could be given jurisdiction to adjudicate upon the claims thereto, regardless of whether all claimants be residents of the state or not;

but the difficulty with that proposition is that this section of the Code of Civil Procedure does not contemplate obtaining jurisdiction in that manner, and, furthermore, it does not appear that the fund is now here. So far as the proceeding is authorized by this section of the Code of Civil Procedure, the jurisdiction must be acquired before the order of interpleader or bringing in the party is granted. The proceeding suggested would, in effect, be to sanction the practice of granting the order first, and then, when the fund is within the jurisdiction of the court, to acquire by other proceedings or other process jurisdiction as against the nonresident claimant to decide conflicting claims thereto. This is merely an action on contract to recover a specific sum of money, which, according to the terms of the contract, the defendant agreed to pay at its home office in Philadelphia. Presumptively, therefore, the situs of the debt, to collect which this action is brought, is in the foreign state. It does not appear where the policy was issued or where the assignment of the policy was made; nor does it appear that the defendant is doing business within this state and has subjected itself to the jurisdiction of our courts for the service of process and the payment of its obligations here pursuant to law, in which case it may be that the situs of the debt would be deemed to be here, if the policy was issued or assigned here (Morgan v. Mutual Benefit Life Ins. Co., 189 N. Y. 447, 82 N. E. 438; Hunter v. Mutual Reserve Life Ins. Co., 118 App. Div. 94, 103 N. Y. Supp. 70, and cases cited), and in that case perhaps an action of interpleader would lie. We are not, however, now called upon to decide those questions; for, as already observed, the authority of the court to grant the motion depends upon jurisdiction being first acquired by notice, and, as the notice was served upon a nonresident without the state, jurisdiction was not acquired.

It follows, therefore, that the order should be affirmed, with $10 costs and disbursements.

HOUGHTON, CLARKE, and SCOTT, JJ., concur.

INGRAHAM, J. I concur in the affirmance of this order upon the ground that the case is not within section 820 of the Code of Civil Procedure, as no order can be granted under that section except upon service of notice upon the person sought to be substituted, which notice must be served within this state; the Code containing no provision for other than personal service of the notice upon the person sought to be substituted. If the defendant wished to be discharged from liability on paying the money into court, it must be by a bill of interpleader to which Thurston, the party sought to be substituted, must be a party, and in that action, on paying the amount due into court, apply for an injunction restraining the further prosecution of this action. The fund then being in court, the court could order substituted service upon the defendant and make such disposition of the fund as justice requires. If, in the interpleader action, the court, by substituted service, failed to acquire jurisdiction to dispose of the fund so as to bind Thurston by the judgment, Thurston could enforce his cause of action in New Jersey or elsewhere, but that is no concern of the plaintiff, as, if Thur-

ston did not appeal, the plaintiff would be entitled to the money; but as this relief can only be obtained under section 820 of the Code, where notice of the application has been served upon the party to be substituted as defendant in this state, and as such notice has not been served upon such party, the court was right in refusing to give the defendant relief upon this application, leaving the defendant to commence an action of interpleader, if so advised.