WOODWARD v. MUTUAL RESERVE LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. INSURANCE—ACTIONS ON POLICIES—INSURANCE COMMISSIONER ATTORNEY TO
RECEIVE PROCESS—REVOCATION OF APPOINTMENT—VALIDITY.
Act N. C. March 6, 1899 (Pub. Laws N. C. 1899, p. 147, c. 54), provided
that, before any life insurance company should be admitted to do business in that state, it should, by an instrument filed with the Insurance Commissioner, constitute and appoint him its attorney to receive service, and that this power should continue so long as any liability of the company remained outstanding in the state. Defendant company filed such instrument, which recited that it was to continue in force so long as any liability of the company remained outstanding in the state, but subsequently duly canceled and revoked the appointment, withdrew from business in the state, and closed all its offices therein. Thereafter the summons in an action by plaintiff, the holder of a policy issued before the passage of the act, and before the filing of the appointment by defendant, was served on said Insurance Commissioner, and a default judgment rendered against defendant. Plaintiff thereupon brought an action on such judgment against defendant in New York. There was no evidence that plaintiff parted with anything because of the existence of the power of attorney issued by defendant to the Insurance Commissioner, or that he had in any way acquired any valuable interest in its maintenance. *Held,* that plaintiff could not recover, defendant having power to revoke the appointment so far as plaintiff was concerned.

Patterson, J., dissenting.

Submission of controversy between George W. Woodward and the Mutual Reserve Life Insurance Company. Judgment for defendant. -

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

R. H. Mitchell, for plaintiff.
Frank R. Lawrence, for defendant.

VAN BRUNT, P. J. In this action a recovery is sought to be had upon a judgment entered in the Superior Court of Durham county, in the state of North Carolina, against the defendant. The question to be determined is whether the said court acquired any jurisdiction to render the said judgment against the defendant.

The Mutual Reserve Fund Life Association was prior to the 17th of April, 1902, a corporation organized under the laws of the state of New York for and transacting the business of life insurance upon the co-operative or assessment plan. On the 17th of April, 1902, the said Mutual Reserve Fund Life Association duly amend-

ed its charter, and reincorporated as a mutual life insurance company, under the name of the Mutual Reserve Life Insurance Company, under and pursuant to and in compliance with the insurance law of the state of New York. In 1883 the Legislature of North Carolina passed an act (Laws 1883, p. 98, c. 57) which was then and thereafter in force, until repealed as hereinafter stated, as Code 1883, c. 29, by section 3062 of which the Secretary of State was authorized to issue licenses to do insurance business; but before the issue of any license the applicant was required to "appoint a general agent, who shall be a citizen and· resident of this state, and file a certificate of such appointment, under the. seal of the applicant, together with a written acceptance thereof by such appointee, with the Secretary of State," etc. It further provided that such certificate should contain a stipulation agreeing that, so long as there may be any liability on the part of the applicant under any contract entered into in pursuance of any law concerning insurance, any legal process affecting the applicant may be served, in his absence, upon such general agent or upon the Secretary of State, and, when so served, shall have the same effect as if served personally on such applicant in this state. Prior to the 26th of September, 1889, the said Mutual Reserve Fund Life Association had duly complied with such section, and was duly admitted to transact business in said state and on that day made a contract of insurance with and on the life of George W. Woodward (the plaintiff), a citizen of North Carolina, and issued its certain certificate of membership or policy of insurance as evidence thereof. On the 6th of March, 1899 (Pub. Laws 1899, p. 147, c. 54), a statute was duly adopted by the Legislature of the state of North Carolina, and which took effect and was then and thereafter in force, wherein and whereby a new department of the state government was established, to be known as the "Insurance Department" of said state, and a new office, namely, that of Insurance Commissioner of said state, was created, and the supervision and control of insurance companies, domestic and foreign, were thereby transferred to said department, and the act of 1883, before referred to, was repealed. By said act, among other conditions to be complied with before any life insurance company should be admitted and authorized to do business in said state, such company was required, by a duly executed instrument filed in the office of the Insurance Commissioner, to constitute and appoint the Insurance Commissioner or his successor its true and lawful attorney, upon whom all lawful processes in any action or legal proceeding against it might be served, and that this power should continue so long as any liability of the company remained outstanding in the said state. On the 13th of April, 1899, pursuant to this statute, the Mutual Reserve Fund Life Association executed an instrument duly constituting the Insurance Commissioner its true and lawful attorney in and for the said state, upon whom all lawful processes in any action or legal proceeding against it might be served, which instrument, with this authority, should continue in force and irrevocable so long as any liability of said company remain outstanding in said state. On the 17th of May, 1899,

the said Mutual Reserve Fund Life Association, by its board of directors, duly canceled, revoked, and annulled the appointment of said Insurance Commissioner as its attorney, upon whom all lawful processes in any action or legal proceeding against said association might be served; assigning as a reason therefor the enactment by the Legislature of that state of an act known as the "Craig Bill" (Pub. Laws 1899, p. 197, c. 62), which was to go into effect on the 1st of June, 1899, and which required, among other things, that insurance corporations created and organized under and by virtue of the laws of any state or government other than that of North Carolina, desiring to own property or to carry on business or to exercise any corporate franchise within the state, should become domestic corporations of said state of North Carolina, and that it was the sense of the board that it was neither wise nor prudent for the association to comply with the provisions of said law, and it thereupon withdrew from business within said state, and closed each and all of its offices therein, and since that time it has had no agent or agency in said state, nor any office or offices therein, and since said date said association and the defendant have received premiums, dues, and assessments at the home office of the company, where the same were payable, transmitted to it only by mail from the certificate or policy holders of said Mutual Reserve Fund Life Association in North Carolina, who became such prior to the 17th of May, 1899. On the 20th of August, 1900, a summons was issued out of said Superior Court for the county of Durham, in the state of North Carolina (said court being a court of general jurisdiction), to the sheriff of Wake county, for service at the instance and in favor of George W. Woodward, who was a resident and citizen of the county of Durham, in the state of North Carolina. Thereafter, and within the time required by law, the said sheriff served said summons upon the Insurance Commissioner of North Carolina, which commissioner complied with the law of March, 1899, in reference to notice of such service to the defendant named in said summons—the Mutual Reserve Fund Life Association. Such proceedings were thereupon had (no answer or appearances being made on behalf of said association) that on the 3d of September, 1900, a judgment by default was rendered in such Superior Court of Durham county in favor of said Woodward, the plaintiff, against the Mutual Reserve Fund Life Association, the predecessor of the defendant.

The foregoing facts having been agreed upon by the parties pursuant to the provisions of our Code, the question is submitted to this court whether upon this state of facts the plaintiff is entitled to recover judgment in our courts upon the judgment entered in the Superior Court of the county of Durham, in the state of North Carolina, as above mentioned. This question depends, as already stated, upon whether the North Carolina court acquired jurisdiction over the defendant by the service of the summons in the manner above stated.

It is urged that because of the words in the statute of March, 1899, and those contained in the power of attorney of April, 1899—that the appointment therein contained should continue in force and ir-

revocable so long as any liability of the company remained outstanding in that state—the Mutual Reserve Fund Life Association had no power to revoke the appointment of the Insurance Commissioner, so far as contracts were concerned which had theretofore been entered into between it and residents of the state of North Carolina. There would be no question but that this point would be well taken, had the policy of insurance upon which the judgment in North Carolina was obtained been entered into during the period when the power of attorney in question remained in force. But it is difficult to see how any contractual rights which had been derived by the plaintiff from the defendant's predecessor were in any way affected by the revocation of this power of attorney. The policy of insurance in question had not been issued in contemplation of this power of attorney. There is no evidence that the plaintiff parted with anything because of the existence of this power of attorney, or that he had in any way acquired any valuable interest in its maintenance; and it has been a rule which has obtained ever since the existence of such instruments was recognized in the law that they should be revocable, no matter what their terms might be, unless some interest had been acquired in connection with the existence of the power; the rule being that a power of attorney coupled with an interest was irrevocable—the contrary of the proposition being equally true. A different question would have been presented, had the summons in this case been served upon the Secretary of State pursuant to the certificate of appointment made pursuant to the act of 1883, which was in force at the time of the issuance of the policy. This certificate of appointment contained a stipulation agreeing that, so long as there might be any liability on the part of the applicant under any contract entered into in pursuance of any law concerning insurance, service of summons might be made upon the Secretary of State. It might well be claimed upon the part of the plaintiff that this certificate became and was part and parcel of his contract of insurance, and that he had a right to rely upon it, and that it could not be abrogated either by the Legislature of North Carolina, or by the predecessor of the defendant, thereby impairing the obligations of his contract. The repeal contained in the act of 1899 could not affect the contracts already entered into upon the faith of the act of 1883, and, while it might take away the authority of the defendant to do business within the state, it could not impair the obligation of contracts which had been entered into upon the faith of the old act.

Under these circumstances, the plaintiff, having parted with nothing upon the faith of the act of 1899, does not seem to have acquired any such interest in anything which was done under that act by the association that such association had authority to cancel and revoke the same, at least so far as the plaintiff was concerned. It is true that the courts of North Carolina have held that the powers conferred under the act of 1899 were irrevocable, but they do not seem to have considered the point that calling a power irrevocable does not by any means make it such.

Upon the whole case, we are of opinion that the defendant is entitled to judgment, with costs. All concur, except PATTERSON, J., who dissents.