upon the stand, was not asked whether or not he had made the pencil indorsement upon the note; so the testimony offered was not in direct contradiction of any statement made by him, and it was not a denial of any affirmative fact which the defendant had endeavored to prove. Therefore it was not rebuttal evidence, the trial court could in its discretion exclude it, and we do not think that the ruling was any abuse of this discretion.

It is extremely doubtful whether the testimony would have been admissible at any stage of the case. Its only materiality is in creating an inference that the card was in the possession of the bank. But assuming that the witness would have testified that the pencil indorsement upon the note was in the handwriting of Laffey, which is the view most favorable to the plaintiff, it does not follow that Laffey had the card in his possession when he made that indorsement. It is true he testified that the note was not in his possession from the time it matured "until Mr. Howard brought it to my window, making this claim that it had been improperly protested." But assuming that Laffey did make the indorsement, he might have made it at the time last mentioned; at any rate, as already stated, it was conceded that the memorandum was not upon the note at the time of the protest; and, that being so, it must have been put there after that time, and Laffey might have received the information necessary to make the memorandum from many sources other than the card. The inference that he got it from the card is therefore too speculative, problematical, uncertain, and remote to render the evidence competent or of probative force. For this reason, it was inadmissible and properly excluded.

I think, therefore, that the judgment and order appealed from are right, and should be affirmed, with costs.

---

JOHNSTON v. MUTUAL RESERVE LIFE INS. CO. (nine cases).

(Supreme Court, Appellate Division, First Department. May 20, 1905.)

Nos. 1–6, 8, 9, 11.

1. FOREIGN JUDGMENTS—ACTIONS—JURISDICTION—PRESUMPTIONS.

Where, in an action on certain foreign judgments, the judgment rolls introduced in evidence showed that the court found, on a preliminary motion to set aside the service of the summons and dismiss the action, that the defendant, a foreign insurance company, had duly filed a power of attorney with the Commissioner of Insurance of the state, as required by statute, and that the summons had been duly served on such Commissioner, and by him duly forwarded to defendant, and the final judgment recited that the summons was duly served on the defendant, such judgment rolls showed that the court obtained jurisdiction, and that the judgments were valid, under Const. U. S. art. 4, § 1, requiring full faith and credit to be accorded to the acts and judgments of the courts of each state by the courts of the several states.

2. SAME—COSTS—EXTRA ALLOWANCE.

Where, in an action on foreign judgments against an insurance company, the latter defended unsuccessfully on the ground that the judgments were void for want of jurisdiction of the court rendering them, an additional allowance of costs was properly awarded to plaintiff.

Appeals from Appellate Term.

Separate actions by Henry P. C. Johnston against the Mutual Reserve Life Insurance Company. From a judgment of the Appellate Term (90 N. Y. Supp. 539) of the Supreme Court affirming a judgment of the City Court (87 N. Y. Supp. 438) in favor of plaintiff, and from an order of the City Court granting an extra allowance, defendant prosecutes separate appeals. Affirmed.

These are actions upon assigned judgments for sums of money recovered in the Superior Court of North Carolina, a court of general jurisdiction. The summons in each of the actions in which the judgments were recovered in North Carolina was served by the sheriff upon James R. Young, the Commissioner of Insurance of that state. Prior to the entry of judgment the defendant appeared specially in the Superior Court of North Carolina and moved to set aside the service of the summons and dismiss the action upon the ground that the service was invalid owing to the fact, as claimed by the defendant, that prior to the service the letter of attorney appointing the Commissioner of Insurance an agent of the defendant for service of process within the state had been revoked, and that the defendant had ceased to do any business within the state, and it invoked the protection of the fifth and fourteenth amendments to the federal Constitution.

In actions Nos. 1, 2, 3, 4, 6, and 9 the court made findings of fact, embodied in a decision which appears in the judgment roll, finding, among other things, the revocation of the power of attorney from the defendant to the Commissioner of Insurance, and upon that ground granting the motion, and thereupon judgment was entered dismissing the complaint. The plaintiff in each appealed to the Supreme Court of North Carolina, where the judgment was reversed. Moore v. Mutual Reserve Fund Life Ass'n, 129 N. C. 31, 39 S. E. 637. The statute of North Carolina permitting foreign insurance companies to do business within that state provided, as a condition upon which such authority was granted, that the insurance company should first file with the Commissioner of Insurance a power of attorney constituting him its agent for the service of process within the state, and stipulating that such authority should continue in force irrevocably "so long as any liability of the company remains outstanding in this commonwealth." The Supreme Court of North Carolina held that the power of attorney filed pursuant to this statute was irrevocable, regardless of the continuance of business by the company within that state, so long as any liability contracted by the company remained outstanding within the state, whether such liability was contracted before or after the filing of the power of attorney. See, also, Biggs v. Life Association, 128 N. C. 5, 37 S. E. 955. In each of the cases in which the motion to set aside the service and dismiss the complaint was granted, and in which the judgment was reversed on appeal, the plaintiff subsequently brought the case on for trial in the Superior Court. The complaint was verified, and contained an allegation that the defendant was a foreign insurance company, but that it was doing business within the state. The defendant failed to answer, and the facts alleged in the complaint were adjudged to be true, and judgment was awarded in favor of the plaintiff as by default, and the case was continued for the purpose of assessing the damages. Thereafter the damages were assessed, and final judgment was entered, which recites that the defendant was duly served with the summons; that it appeared specially to set aside the service of the summons, and gives the subsequent proceedings thereon; that judgment was awarded in favor of the plaintiff, and the case continued for the assessment of damages; and that the damages had been duly assessed; and that the plaintiff was entitled to recover of the defendant the amount thereof, which was specified, together with interest and costs to be taxed. After the reversal in the Supreme Court the defendant likewise moved to set aside the service and dismiss actions Nos. 5, 8, and 11. The court made like finding as in the other, and, following the decision of the Supreme Court, denied the motions. These actions were subsequently brought to trial, and the subsequent proceedings therein were the same as in the actions in which an appeal had been taken.

In addition to the facts already stated to have been found by the Superior Court in each of these cases, on the motion to set aside the service of the summons the court, on deciding said motion, further found that the contracts to recover damages for the breach of which the actions were brought were made between the respective plaintiffs, who were citizens and residents of North Carolina at the time when the action was brought, and the defendant, in that state, through agents duly authorized to represent it; that the defendant was a foreign corporation organized under the laws of New York, having its principal office and place of business in New York City; that the power of attorney was filed on the 12th day of April, 1899; that between the 1st day of January, 1883, and the 17th day of May, 1899, the defendant was actively engaged in the insurance business in the state of North Carolina, issuing or delivering, through duly authorized agents in that state, certificates or policies of insurance payable to citizens of that state at the home office of the defendant in New York; that the certificates or policies were not to take effect until the first assessment should be received at the home office; that between the date of filing the power of attorney and the 17th day of May, 1899, the defendant, at its home office, in New York, issued a large number of such certificates or policies to citizens of North Carolina, payable at said home office, which were delivered through agents of the defendant in North Carolina, and between said dates continued to collect the premiums on all its outstanding certificates or policies in North Carolina, including those issued before and those after the date of filing said power of attorney, and continued to adjust and pay its losses in said state; that on the 17th day of May, 1899, the directors of the defendant, in form, adopted a resolution revoking the power of attorney to the Insurance Commissioner, assigning as a reason therefor the enactment by the Legislature of the state of North Carolina of a statute known as the "Craig Bill," requiring foreign insurance companies, as a condition of carrying on business in said state, to become domestic corporations of that state, and on or about the 20th day of May, 1899, delivered to the Insurance Commissioner a duly certified copy of said resolution; that since the 17th day of May, 1899, and until the date of the service of the summons the defendant had no agent in the state, but permitted its members or policy holders to remit their premiums or assessments by mail to the home office, where the same were received, and not elsewhere, and at its home office, and not elsewhere, adjusted and paid death losses upon certificates or policies issued in North Carolina by checks drawn on a New York bank, and transmitted to the beneficiaries through the mail, and not otherwise; that the revocation of the power of attorney was made in good faith, for the reason assigned in the resolution; that the certificates or policies of insurance for the breach of which the actions were brought were delivered prior to the 17th day of May, 1899, through an agent of the defendant then representing the defendant in the state of North Carolina, based on applications made and signed in that state, but acted upon in New York, where they were issued and made payable, and where all dues and assessments were payable; that since the 17th day of May, 1899, the defendant has done no business of any kind, through agents or otherwise, in the state of North Carolina; that in each case the summons was duly served upon the Commissioner of Insurance, who, upon service of the summons upon him, duly notified the secretary of the defendant of such service, and duly forwarded therewith a copy of the summons so served upon him, as required by the statute of North Carolina.

The actions in North Carolina were brought by the parties to the contract of insurance, but these actions brought in the City Court upon the foreign judgments were brought by an assignee of the respective plaintiffs of the actions in North Carolina. Upon the trial in the City Court the plaintiff offered exemplified copies of the respective judgment rolls in evidence; also certain statutes of North Carolina relating to the authority of a foreign insurance company to do business in that state, including the statute requiring the filing of a power of attorney with the Commissioner of Insurance, and other statutes relating to the service of process and the power of attorney filed with the Commissioner of Insurance. These were objected to upon the ground, among others, that the judgments were void. The objections were

overruled and the evidence received. The plaintiff was also permitted, over the defendant's objection and exception, to introduce further evidence tending to show that at the time of the service of process in North Carolina the defendant was doing business within that state, within the authority of the decision of the Supreme Court of the United States in Mutual Reserve Fund Life Association v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987. The defendant then proved its permit to do business in the state of North Carolina, the attempted revocation of the power of attorney, and the service of the resolution upon the Insurance Commissioner, the said Craig bill, and the revocation of its agencies within North Carolina prior to the service of the process in these cases.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frank R. Lawrence, for appellant.
Gilbert E. Roe, for respondent.

LAUGHLIN, J. The respondent, while contending that the facts found, as shown by the judgment roll of the court in North Carolina, established that the defendant was doing business in that state at the time of the service of process, within the authority of Mutual Reserve Fund Life Association v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987, and cases there cited, and that the designation of the agent alone was sufficient, also contends that he had a right, when the jurisdiction of the court upon the face of the judgment roll was questioned before the Phelps Case had been reported, and before the decision in Woodward v. Mutual Reserve Life Fund Ass'n, 84 App. Div. 324, 82 N. Y. Supp. 908, had been reversed, to introduce further evidence on the trial here tending to save the cases from the doctrine announced by this court in the Woodward Case. The appellant contends that the jurisdiction of the court cannot be sustained by evidence dehors the record, and that it was error to receive this evidence. In the view we take of the case, it is unnecessary to decide these questions, for we are of opinion that the Superior Court of North Carolina obtained jurisdiction; and, if so, it is immaterial that evidence tending to show jurisdictional facts has been unnecessarily or erroneously received on the trial in this state. It has been held, not only by the Supreme Court of North Carolina, but by the Supreme Court of the United States and by our Court of Appeals as well, that this power of attorney was not revocable by the discontinuance by the defendant of business within the state or otherwise, so long as any liability of the company to citizens of North Carolina existed, and that the attempted revocation was futile. Moore v. Mutual Reserve Fund Life Ass'n, 129 N. C. 31, 39 S. E. 637; Biggs v. Life Ass'n, 128 N. C. 5, 37 S. E. 955; Mutual Reserve, etc., Ass'n v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987; Woodward v. Mutual Reserve Fund Life Association, 178 N. Y. 485, 71 N. E. 10. With that proposition settled in favor of the plaintiff, the only questions requiring consideration on these appeals are whether the respective judgment rolls show service of process upon the Commissioner of Insurance, and, if not, whether the Superior Court of North Carolina being a court of general jurisdiction, it will be presumed that

service of process was duly made. The defendant contends that it was essential to the jurisdiction of the North Carolina court that the defendant was doing business within the state at the time of the service of process. It appears to us, however, that this point requires no further consideration, for it necessarily follows from the decision in the Woodward and Phelps Cases, supra, that the courts of North Carolina could obtain jurisdiction over this defendant by service of process on the Commissioner of Insurance, regardless of its continuing to do business in that state, and such is clearly the effect of the power of attorney which it filed pursuant to the requirement of the statute.

In each of the cases now under consideration, as appears in the statement of facts, the court found, on the preliminary motion to set aside the service of the summons and dismiss the action, that the defendant duly filed a power of attorney with the Commissioner of Insurance, as required by the statute; that the summons was duly served upon him, and by him duly forwarded to the defendant, as required by the statute; and in the final judgment it is recited that the summons was duly served upon the defendant. There can be no doubt, therefore, that the judgment rolls in these cases show that the court obtained jurisdiction, and that the judgments are valid. Full faith and credit must therefore be accorded them, pursuant to the requirements of the federal Constitution. U. S. Const. art. 4, § 1; U. S. Rev. St. § 905 [U. S. Comp. St. 1901, p. 677].

In each of these cases an additional allowance of costs has been awarded to plaintiff, and we think these allowances were properly made.

It follows that the determination in each case should be affirmed, with costs.

All concur.