service of process was duly made. The defendant contends that it was essential to the jurisdiction of the North Carolina court that the defendant was doing business within the state at the time of the service of process. It appears to us, however, that this point requires no further consideration, for it necessarily follows from the decision in the Woodward and Phelps Cases, supra, that the courts of North Carolina could obtain jurisdiction over this defendant by service of process on the Commissioner of Insurance, regardless of its continuing to do business in that state, and such is clearly the effect of the power of attorney which it filed pursuant to the requirement of the statute.

In each of the cases now under consideration, as appears in the statement of facts, the court found, on the preliminary motion to set aside the service of the summons and dismiss the action, that the defendant duly filed a power of attorney with the Commissioner of Insurance, as required by the statute; that the summons was duly served upon him, and by him duly forwarded to the defendant, as required by the statute; and in the final judgment it is recited that the summons was duly served upon the defendant. There can be no doubt, therefore, that the judgment rolls in these cases show that the court obtained jurisdiction, and that the judgments are valid. Full faith and credit must therefore be accorded them, pursuant to the requirements of the federal Constitution. U. S. Const. art. 4, § 1; U. S. Rev. St. § 905 [U. S. Comp. St. 1901, p. 677].

In each of these cases an additional allowance of costs has been awarded to plaintiff, and we think these allowances were properly made.

It follows that the determination in each case should be affirmed, with costs.

All concur.

JOHNSTON v. MUTUAL RESERVE LIFE INS. CO. (three cases).

(Supreme Court, Appellate Division, First Department. May 20, 1905.)

Nos. 7, 12, 13.

1. FOREIGN JUDGMENTS—ACTIONS—RECORD—REQUISITES.
    In an action on foreign judgments against a nonresident insurance company, it was not essential to the validity of such judgments that the statutes of the state prescribing the manner in which process should be served should be either incorporated in, or referred to in, the judgment roll.

2. SAME—JURISDICTION—SERVICE—STATUTES—EVIDENCE.
    Where, in an action on foreign judgments, the sufficiency of the service on the defendant, as a compliance with the statute regulating the same, is collaterally questioned, such statute may be introduced in evidence in the court in which the jurisdiction to render the judgment sued on is attacked.

3. SAME—COMPLAINT.
    Where, in an action on foreign judgments against a nonresident life insurance company, it was alleged by verified complaints that defendant was doing business within the state where the judgments were rendered,

such judgment was sufficient to show that jurisdiction over the defendant could there be obtained in personam.

**4. SAME.**

Where a verified complaint in an action on foreign judgments against a nonresident life insurance company alleged that the defendant was doing business within the state, and that process was served on the Commissioner of Insurance in such state, it would be presumed, in the absence of a showing to the contrary, that such Commissioner had been authorized to receive process for the defendant, and that the court thereby acquired jurisdiction over defendant's person.

**5. SAME—PREJUDICE.**

Where, in an action on foreign judgments, the judgment rolls created a presumption of jurisdiction, defendant was not prejudiced by the fact that plaintiff unnecessarily offered evidence dehors the record to sustain the jurisdiction of the court rendering the judgment.

**6. SAME—FOREIGN CORPORATIONS.**

Where, in an action on judgments rendered by a court of general jurisdiction in North Carolina against a foreign insurance company, it did not appear that the judgment rolls were not in conformity with the requirement of the statute of that state, jurisdiction would be presumed, though the jurisdictional facts were not shown in the judgment roll.

**7. SAME—FOREIGN STATUTES—PROCESS—SERVICE.**

Where, in an action on North Carolina judgments of a court of general jurisdiction against an insurance company, the sheriff's return of service showed that service was made by reading the summons to the Commissioner of Insurance, and by "delivering" a copy thereof to him, such return did not show a failure to comply with Laws N. C. 1899, p. 175, c. 54, § 62, providing that service shall be made by "leaving" the summons, etc., as it would be presumed that the copy was left, as well as delivered.

**8. SAME—COSTS—EXTRA ALLOWANCE.**

Where, in an action on foreign judgments against an insurance company, the latter unsuccessfully defended on the ground that the court rendering the judgments had no jurisdiction of defendant's person, etc., an extra allowance of costs was properly awarded to plaintiff.

Van Brunt, P. J., dissenting in part.

Appeal from Appellate Term.

Actions by Henry P. C. Johnston against the Mutual Reserve Life Insurance Company. From a determination of the Appellate Term (90 N. Y. Supp. 539) of the Supreme Court affirming a judgment (87 N. Y. Supp. 438) of the New York City Court in favor of plaintiff in each case, and from an order of such City Court granting an extra allowance, defendant prosecutes separate appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frank R. Lawrence, for appellant.
Gilbert E. Roe, for respondent.

LAUGHLIN, J. These, like the other Johnston cases (93 N. Y. Supp. 1048, 1062) and Lambert as administrator, against the same defendant (93 N. Y. Supp. 1059), decided herewith, are actions for breaches of insurance contracts, based on assigned judgments recovered in the Superior Court of North Carolina; but in these cases there was no motion to set aside the service, and no special or general appearance. In No. 7 there were no findings. The judgment

was entered by default without proof of service, so far as appears by the judgment roll, other than on the Insurance Commissioner, and no proof of the execution and filing of a power of attorney or other authority to make service upon the defendant by service upon him.   The foreign judgment rolls in No. 7 show the issue of a summons and service thereof upon the Insurance Commissioner by the sheriff on the 2d and 30th days of October, 1901, respectively; in No. 12, like service on the 8th of January, 1902; and in No. 13 on the 7th of March, 1902.   The complaints upon which the foreign judgments were entered alleged, in substance, that the defendant "is" a corporation duly organized under the laws of New York, doing business in the state of North Carolina and various other states, but having its home office in the city of New York; that prior to the year 1890 the defendant contracted with the respective plaintiffs, pursuant to the provisions of its constitution and by-laws, to insure their lives, in a specified amount, in consideration of the payment of assessments at rates specified in its then existing by-laws, according to the respective ages of the plaintiffs at the dates of their admission to membership, upon the death of each member, when the death funds should be insufficient to meet the claim; that the statute of New York under which the defendant was organized (chapter 267, p. 264, Laws 1875, and chapter 175, p. 172, Laws 1883) conferred upon it power to adopt a constitution and by-laws, and to modify the same, but provided that, before any amendment to a by-law should be adopted, it should be mailed to the members, together with notice of the time and place when it would be considered; that on the 12th day of June, 1895, the board of directors and executive committee of the defendant, without giving notice of a change of the by-laws as required by the statute, in violation of the plaintiff's rights, adopted a resolution increasing the assessment on members admitted prior to January 1, 1890, by changing the ages of the members upon which the rates of assessment were based by adding thereto one-half the number of years between the date of their admission and the 1st day of January, 1895, counting fractions of a year as a full year, with certain exceptions not material to the present inquiry, thereby materially increasing the rate of assessments against the plaintiff, and not changing the rate of assessment of members admitted subsequent to January 1, 1890; that defendant subsequently levied an assessment against the plaintiffs at the increased rate, and, for their failure to pay the same, the defendant wrongfully and without authority canceled the respective policies, to the damage of the respective plaintiffs in the amount of their respective initiation fees, annual dues, assessments, and interest thereon from the dates of payment. The foreign judgment rolls show that the respective actions were brought to trial on the verified complaints; that no answer thereto was filed, and that the court ordered and adjudged that the plaintiffs recover of the defendant judgment as by default; that the cases were retained for the assessment of the damages by a jury, and, after their assessment, final judgment was entered in favor of the

respective plaintiffs against the defendant for the amount thereof, with interest and costs.

The questions presented in these cases, or rather in No. 7, are quite different from those arising on the appeals in the Lambert and other Johnston cases. Here the respective judgment rolls merely show, on this point, proof of service on the Insurance Commissioner, and an allegation in the verified complaint that the company was doing business within the state. We may not take judicial notice of the statutes of the foreign state, but the courts of that state could take judicial notice of their own statutes, and it was not essential to the validity of the judgments that the statutes prescribing the manner in which the service of process should be made should be either incorporated in or referred to in the judgment roll. When, in such case, the sufficiency of the service, as a compliance with the statute regulating the same, is questioned collaterally in another jurisdiction, it is, of course, competent to present the statute to the court in which the jurisdiction is attacked, as was done in this case. Pringle v. Woolworth, 90 N. Y. 502. The defendant either complied with the condition of the statute of North Carolina imposing as a condition on its right to do business within that state that it first file with the Commissioner of Insurance authority as its agent for the service of process within that state, or it violated the law in continuing to do business in that sovereignty. The allegations of the verified complaints that the defendant was doing business within the state of North Carolina were sufficient to show that jurisdiction over it there in personam could be obtained. Sheldon v. Wright, 5 N. Y. 497, cited with approval in 173 N. Y. 249, 65 N. E. 1100; Dyckman v. The Mayor, 5 N. Y. 434; Develin v. Cooper, 84 N. Y. 410; Applegate v. Lexington, etc., Mining Co., 117 U. S. 255, 6 Sup. Ct. 742, 29 L. Ed. 892; In re Lennon, 166 U. S. 548, 17 Sup. Ct. 658, 41 L. Ed. 1110; Galpin v. Page, 18 Wall. 350, 21 L. Ed. 959. Since it was doing business within the state, as shown by the verified complaint, it will be presumed that it had complied with the law (Pringle v. Woolworth, supra); and therefore the record, showing service upon the Commissioner of Insurance, thus presumed to have been authorized to receive process for the defendant, was sufficient to give the court jurisdiction over defendant in personam.

Of course, the judgment was open to collateral attack here upon the ground that the court did not obtain jurisdiction over the defendant. Ferguson v. Crawford, 70 N. Y. 253, 26 Am. Rep. 589; Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129. It would have been competent for the defendant, therefore, to have shown that the service was not made as recited in the judgment roll; and it was also competent for it to show, as it attempted to show in the City Court, that it was not doing business in the state of North Carolina, as alleged; but the sufficiency of the evidence on that point need not be considered, for the plaintiff showed that it had in fact filed the power of attorney with the Commissioner of Insurance, and this, under the statute of North Carolina, as construed by the courts of that state, by the Supreme Court of the United States, and by our Court of Appeals (Biggs v. Life Association, 128 N. C. 5, 37 S.

E. 955; Moore v. Mutual Reserve Fund Life Ass'n, 129 N. C. 31, 39 S. E. 637; Mutual Reserve Life Ass'n v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987; Woodward v. Mutual Reserve Fund Life Ass'n, 178 N. Y. 485, 71 N. E. 10), was sufficient to show that the service upon the Commissioner of Insurance alone gave the court jurisdiction. It is not important that the plaintiff, instead of resting on the presumption of validity of the foreign judgment, doubtless in an endeavor to bring it within the decision of this court in the Woodward Case, 84 App. Div. 324, 82 N. Y. Supp. 908, unnecessarily, before resting his case, offered evidence tending to sustain the jurisdiction. The defendant was not prejudiced thereby. It is contended by appellant that, if plaintiff had not offered evidence dehors the record to sustain the judgment, the defendant would not have offered evidence thereby to impeach it. In those circumstances the judgment would be presumed valid. If the defendant desires the benefit of its impeaching evidence, the plaintiff is entitled to have his sustaining evidence treated as in rebuttal, and on that theory the judgment would be sustained, for it was shown that defendant was doing business in the state of North Carolina from January 1, 1883, until March 17, 1899, and that it complied with the statutes in force from time to time (chapter 157, p. 304, Laws N. C. 1876–77, § 3; chapter 57, p. 98, Laws N. C. 1883, § 2, superseded and repealed by chapter 54, p. 175, Laws N. C. 1899, § 62, which became in force March 6, 1899), which, so far as material to the present inquiry, only differed as to the agent to be designated for the service of process. It is not necessary to inquire whether these judgment rolls sufficiently show all jurisdictional facts to sustain them if they had been rendered in an inferior court or one of limited jurisdiction, for it is conceded that they were rendered in a court of general jurisdiction.

It is claimed, upon the authority of certain decisions of the federal courts and of other jurisdictions, that in the case of foreign corporations there is an exception to the general rule that the jurisdiction of a court of general jurisdiction both over the subject-matter and over the person of the defendant will be presumed, and that in such case the judgment is void unless the judgment roll shows that the foreign corporation was doing business within the state at the time of service of process. Even if that rule prevailed in this state, I deem the allegations of the verified complaint sufficient proof of the jurisdictional facts, within the authority cited. I am of opinion, however, that the rule in the federal courts, which are courts of limited jurisdiction (Earle v. Chesapeake & Ohio Ry. Co. [C. C.] 127 Fed. 235; Central Grain & Stock Exch. of Hammond v. Board of Trade, 125 Fed. 463, 60 C. C. A. 299), never obtained in this state. It is urged that the alleged exception is founded on a substantial basis, and that in the case of a foreign corporation the existence of two facts is essential to the jurisdiction of the court, viz., (1) that it was doing business in the state at the date of the service of process; and (2) that service was made within the state on a duly authorized agent, and that both of these facts must appear by the judgment roll, or the judgment is void. It is

pointed out that a corporation is a creature of the state of incorporation, and has no authority to do business elsewhere without the consent of the foreign sovereignty, which may be withheld at will, or granted upon any condition whatsoever (Woodward v. Mutual Reserve Life Ass'n, supra; People v. Fire Ass'n of Phila., 92 N. Y. 311, 44 Am. Rep. 380; Hooper v. California, 155 U. S. 648, 15 Sup. Ct. 207, 39 L. Ed. 297), and that it is unlike an individual, who may at will transact any lawful business in any state of the Union, regardless of his residence. It cannot be controverted that this distinction exists. In the case of a nonresident individual, however, a judgment in personam may not be rendered without personal service of process within the state, or a general appearance in the action (Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565); and yet, if it be a court of general jurisdiction, the presumption obtains, unless the contrary appears by the judgment roll or is shown dehors the record, that the service was such as to warrant the judgment, even though the facts did not appear (Applegate v. Lexington, supra). There is but little difference in principle between the one case and the other. Both the individual and the corporation may be lawfully in the foreign state, and personal service may be effected upon them therein. The individual may be served if he go into the foreign state at all, unless in the case of attendant upon the court; and the corporation, concededly, if it be transacting business there, or if it be there under an agreement with the sovereignty that citizens and residents thereof may serve process upon it in a particular manner. Pennoyer v. Neff, supra; Mutual Reserve Life v. Phelps, supra.

I am of opinion, therefore, that if the foreign court be a court of general jurisdiction, and it takes cognizance of the case, and decides that it has acquired jurisdiction, and proceeds to judgment against a foreign corporation, it should, both under the federal Constitution and statutes which command us to give full faith and credit to the judgments of other states, and upon grounds of comity as well, be presumed, in the first instance, that the facts or conditions upon which jurisdiction could be obtained existed, and that service was duly made, unless the contrary appears on the face of the judgment roll. There appears to be a conflict between the rule as declared and applied in some of the federal decisions and that in our state upon the point now under consideration. Where a judgment in personam is rendered against a foreign corporation, the federal courts, as a rule of evidence, will not receive the judgment unless it be supported by the appearance "somewhere in the record—either in the application for the writ, or accompanying its service, or in the pleadings or the findings of the court—that the corporation was engaged in business in the state"; but when it appears that business, "general or special," was transacted by the foreign corporation within the state, proof of service on an agent would be prima facie evidence that the agent represented the company, and presumptively sufficient. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222. See, also, Connecticut Mut. Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569. In Goldey v. Morning

News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, it seems to have been recognized that the effect of service upon an officer of a foreign corporation found within this state temporarily would, as to actions in the courts of this state, be for our courts to determine. It does not follow that the courts of this state may not, both in recognition of the requirements of the federal Constitution, and upon grounds of comity, give full faith and credit to judgments rendered against a foreign corporation in a court of general jurisdiction of a sister state, where it appears that jurisdiction was acquired in personam in conformity with the laws of that state, even though the corporation was not doing business there. The service of process is for the purpose of giving notice to the defendant, and affording him or it an opportunity of defending the action. It is the settled policy of this state that it is within the province of the Legislature to prescribe what service shall be deemed sufficient, and that service upon a foreign corporation may be made within this state upon a person designated therefor, or upon an officer or agent of the corporation, in certain cases prescribed in the Code of Civil Procedure, even though the corporation may not be doing business within the state, and the officer or agent served was here only temporarily and on private business. Code Civ. Proc. § 432; Hiller v. Burlington & Missouri River R. Co., 70 N. Y. 223; Pope v. Terre Haute Car Mfg. Co., 87 N. Y. 137; Tuchband v. Chicago & Alton R. Co., 115 N. Y. 437, 22 N. E. 360; Buell v. B. & O. S. W. R. Co., 39 App. Div. 236, 57 N. Y. Supp. 111. See, also, Persons v. Buffalo City Mills, 29 App. Div. 45, 51 N. Y. Supp. 645; Le Fevre v. Matthews, 39 App. Div. 232, 57 N. Y. Supp. 128. Such a judgment being in personam here, comity as well as the federal Constitution requires that we should give full faith and credit to a judgment of another state rendered on similar service of process. It appears to be the general rule in this state that jurisdiction of courts of general jurisdiction of foreign states will be presumed, even though the jurisdictional facts are not shown in the judgment roll; and judgments against foreign corporations do not appear to be, and, as already stated, I fail to see why they should be, an exception to the rule. Pringle v. Woolworth, supra; Smith v. Central Trust Co., 154 N. Y. 333, 48 N. E. 553; Pacific Pneumatic Gas Co. v. Wheelock, 80 N. Y. 278; Steinhardt v. Baker, 163 N. Y. 410, 57 N. E. 629. Of course, in the case either of a foreign or domestic judgment, where it appears that a statute requires the jurisdictional facts to be evidenced in a particular manner, and this has not been done, the presumption of jurisdiction is rebutted. Billinge v. Pickert, 39 Hun, 505. But it does not appear that these judgment rolls are not in conformity with the requirements of the statutes of North Carolina, and this principle has no application.

In the actions in which the judgments involved in Nos. 12 and 13 were recovered, the foreign court made special findings, which are part of the judgment rolls, finding, among other things, the enactment of the statute requiring foreign insurance companies, as a condition of doing business within the state, to execute to and file with the Commissioner of Insurance a power of attorney for the

service of process, with the stipulation that it should remain in force so long as the company had any liability outstanding within the state, and that the defendant had complied therewith and transacted business thereunder; that the contracts for breach of which the respective actions were brought were made in that state with the respective plaintiffs, who were then and at the time of commencing the actions citizens and residents thereof; and that the summons in each was duly served on the defendant. These cases, therefore, do not require further comment.

The appellant also makes the point that the sheriff's return of service shows that service was made by reading the summons to the Commissioner of Insurance, and "delivering" a copy thereof to him, whereas the statute (section 62, c. 54, p. 175, Laws N. C. 1899) provides that service shall be made by "leaving" the summons in the hands in office of the Commissioner. The cases cited in support of the contention that this does not show good service related to inferior courts, where jurisdiction is not presumed. In the decisions of our own courts, already cited, the presumption of jurisdiction of a court of general jurisdiction extends to the due service of process; and, as this return does not show that the copy was not left with defendant, it may be presumed that it was.

The plaintiff was granted an additional allowance in each of these cases. We think the allowances were properly made.

It therefore follows that the determination in each case should be followed.

PATTERSON, INGRAHAM, and McLAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent in action No. 7, but concur in actions Nos. 12 and 13.