service of process, with the stipulation that it should remain in force so long as the company had any liability outstanding within the state, and that the defendant had complied therewith and transacted business thereunder; that the contracts for breach of which the respective actions were brought were made in that state with the respective plaintiffs, who were then and at the time of commencing the actions citizens and residents thereof; and that the summons in each was duly served on the defendant. These cases, therefore, do not require further comment.

The appellant also makes the point that the sheriff's return of service shows that service was made by reading the summons to the Commissioner of Insurance, and "delivering" a copy thereof to him, whereas the statute (section 62, c. 54, p. 175, Laws N. C. 1899) provides that service shall be made by "leaving" the summons in the hands in office of the Commissioner. The cases cited in support of the contention that this does not show good service related to inferior courts, where jurisdiction is not presumed. In the decisions of our own courts, already cited, the presumption of jurisdiction of a court of general jurisdiction extends to the due service of process; and, as this return does not show that the copy was not left with defendant, it may be presumed that it was.

The plaintiff was granted an additional allowance in each of these cases. We think the allowances were properly made.

It therefore follows that the determination in each case should be followed.

PATTERSON, INGRAHAM, and McLAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent in action No. 7, but concur in actions Nos. 12 and 13.

---

LAMBERT v. MUTUAL RESERVE LIFE INS. CO. (eight cases).

(Supreme Court, Appellate Division, First Department. May 20, 1905.)

#### Nos. 1-3, 5-9.

FOREIGN JUDGMENTS—ACTIONS—SERVICE—EVIDENCE.

Where, in an action on foreign judgments against a nonresident insurance company, the judgment roll sufficiently showed that the court had acquired jurisdiction over defendant's person by service on the Insurance Commissioner of the state in which the judgment was rendered and that the defendant had no power to revoke its power of attorney issued to such Insurance Commissioner to receive service of process while it was liable on claims in such state, evidence of an attempted revocation of such power before the service in question was ineffectual.

Appeals from Appellate Term.

Actions by Robert C. Lambert, as administrator of Charles J. Lambert, deceased, against the Mutual Reserve Life Insurance Company. From a determination of the Appellate Term (90 N. Y. Supp. 539) of the Supreme Court affirming a judgment (87 N. Y. Supp. 438) of the New York City Court in favor of plaintiff in each

case, and from an order of the City Court granting an extra allowance to plaintiff, defendants prosecute separate appeals, pursuant to leave granted.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frank R. Lawrence, for appellant.  ·
Gilbert E. Roe, for respondent.

LAUGHLIN, J.   These are also actions upon judgments recovered against the appellant in the Superior Court of North Carolina for breaches of contract of insurance.   The defendant neither appeared specially to set aside the service of the summons, nor appeared generally, in any of these actions.   The complaints alleged that the defendant was doing business within that state.   The judgment rolls show that the summons in each was served on the Commissioner of Insurance; that the court found that the policy or certificate on which the action was based was issued prior to the filing of the power of attorney authorizing service on the defendant by serving process on the Commissioner of Insurance so long as any liability of the company remained outstanding in the state; that from the 1st day of January, 1883, until the 17th day of May, 1889, the defendant was actively engaged in the insurance business in that state; that the defendant was a corporation duly organized under the laws of New York; that it duly issued its certificate or policy of insurance, which was the basis of the action, to the plaintiff, who was a citizen and resident of the state of North Carolina at that time and at the time of the commencement of the action; that the state Legislature duly enacted the statute requiring the filing of the power of attorney as a condition of the right of a foreign insurance company to do business; that the defendant duly filed a power of attorney with the Commissioner of Insurance pursuant thereto; that the defendant had no other agent within the state at the time of the service of the summons, but "it has continued to collect assessments from its members or policy holders on policies issued to residents of North Carolina, and has continued to adjust and pay its losses incurred in said state"; that at the time of the service of the summons the defendant was liable to many citizens of the state of North Carolina upon outstanding policies or contracts of insurance, and that the summons was duly served on the Insurance Commissioner, who had been duly designated for that purpose by the defendant, on the 11th day of November, 1901, and that he duly notified the defendant, as required by the statute; that defendant failed to appear; that the plaintiff filed a verified complaint, and judgment was awarded in favor of the plaintiff by default—the case being continued for the purpose of assessing the damages, which were thereafter duly assessed, and final judgment entered in favor of the plaintiff thereafter, together with interest and costs.

These cases were first tried before Judge Fitzsimmons.. The plaintiff proved an exemplified copy of the judgment roll in the

North Carolina actions, and rested.   The defendant then proved the revocation of the power of attorney.   The plaintiff then, under defendant's objection and exception, proved certain statutes of North Carolina, including the statute making it a condition of the right of a foreign insurance company to do business in that state that it file such a power of attorney; the filing of the power of attorney; the compliance by the defendant with a former statute, enacted in 1877, requiring a foreign insurance company doing business in the state to appoint an agent in the state for the service of process, and file the appointment with the Secretary of State; proof of the collection by defendant of premiums upon policies issued in the state of North Carolina after the filing of the power of attorney; and the defendant proved the attempted revocation of the power of attorney. Judge Fitzsimmons died before rendering decision.   On the retrial of the cases before Judge Seabury, the answer having been amended in the meantime, the evidence taken before Judge Fitzsimmons was stipulated in under a stipulation that plaintiff should have the benefit of the evidence in rebuttal as if it had been given before plaintiff rested.   The judgment roll sufficiently showed the jurisdiction of the court of North Carolina.   The jurisdictional facts were fully shown, even to the extent of reciting the statutory provisions under which the power of attorney was filed, of which the court of North Carolina could have taken judicial notice.   It was unnecessary for the plaintiff to prove the facts shown to supplement the record as to the jurisdiction of the court.   But had the defendant, as on the first trial, attacked the jurisdiction by attempting to show the revocation of the power of attorney or otherwise, it would have been competent for the plaintiff to support the judgment by any fact tending to show that the revocation was ineffectual or that jurisdiction was acquired.   Ferguson v. Crawford, 70 N. Y. 253, 26 Am. Rep. 589.   However, this evidence was unnecessary, since, under the decisions cited in the opinion of Johnston v. Mutual Reserve Life Ins. Co. (argued and decided herewith) 93 N. Y. Supp. 1052, it was not competent for the defendant to revoke the power of attorney, so as to deprive any residents of North Carolina to whom the company was liable of the right to serve process upon the Commissioner of Insurance.   The additional allowance in each of these cases was stipulated.

It therefore follows that the determinations should be affirmed, with costs.   All concur.