---

## CALLAHAN v. GERBEREUX et al.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

JUDGMENT (§ 490*)—COLLATERAL ATTACK—PAROL EVIDENCE.

A plaintiff, suing to foreclose a mechanic's lien, may show that he was not personally served with summons and complaint in an action by a third person, suing to foreclose his lien, and that he is not bound by the judgment in such action, adjudging that he is not entitled to a lien, though such judgment recites that he was served with summons and complaint, since want of jurisdiction may always be set up against a judgment when sought to be enforced, or when any benefit is claimed under it.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 926–928; Dec. Dig. § 490.*]

Appeal from Special Term, New York County.

Action by John Callahan againt Eugene Gerbereux and others. From a judgment of dismissal, entered on a decision after a trial at Special Term, plaintiff appeals. Reversed, and new trial ordered.

See, also, 136 N. Y. Supp. 1132.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING,·JJ.

James E. Duross, of New York City, for appellant.

Warren McConihe, of New York City, for respondent Morris Levin.

Edward J. Hogerty, of New York City, for respondent Levin & Levin Contracting Co.

DOWLING, J. This action is brought for the foreclosure of a ·mechanic's lien upon premises located in Sullivan street, New York ·City. Five liens were filed against this property—the first by Arthur J. Panoff, for $650, on April 12, 1910, and the fourth by the present plaintiff, for $312, on April 18, 1910. On June 16, 1910, Panoff commenced an action to foreclose his lien in the Supreme Court, New York county, and joined as defendants therein all the necessary parties, including this plaintiff. The summons, complaint, and notice of pendency of action in said suit were duly filed in the office of the

---

clerk of the county of New York on June 18, 1910. Thereafter plaintiff commenced this action on July 5, 1910, making parties defendant all those who were such in the Panoff action, together with Panoff, and filed the summons, complaint, and notice of pendency of action therein on July 6, 1910. The lien in this suit was discharged by the giving of an undertaking on July 14, 1910. The defendants served answers in this action, setting up the pendency of the Panoff action, and Panoff by his answer set up an alleged service of the summons and complaint in his action on June 23, 1910. This answer was served July 16, 1910.

The Panoff action, to foreclose the first lien, proceeded to trial on March 1, 1911, and the justice then presiding made his decision wherein, among other things, he found that the summons and complaint in that action had been served on John Callahan personally on June 23, 1910, that he had waived his lien, and that plaintiff, among other things, was entitled to have the lien and notice of pendency of action filed by Callahan canceled of record. The judgment set forth the default of Callahan in appearing or pleading, and directed the cancellation of record of the lien and lis pendens filed by him. The judgment roll in the Panoff action contained the affidavit of service on Callahan, but no notice of appearance or pleading by him. Thereafter, on April 28, 1911, the trial of this action came on to be heard. Defendants then offered in evidence the judgment roll in the Panoff action, including the affidavit of service on Callahan. It was received; but when plaintiff offered evidence to impeach the affidavit of service, and to show that in fact service was never made upon John Callahan, but upon his son, Joseph Callahan, the evidence was excluded, on defendants' objection that the judgment of the court could not thus be collaterally attacked. The complaint in this action was thereupon dismissed.

It was error to refuse to permit plaintiff to show that he had not been personally served with the summons and complaint in the Panoff suit. In Ferguson v. Crawford, 70 N. Y. 253, 26 Am. Rep. 589, it was held that a recital in a judgment roll in an action for foreclosure that a defendant was served with process and appeared therein is not conclusive, and does not preclude such defendant, in an action brought by him to foreclose a junior mortgage, from showing that he was not in fact served, and that he did not appear; that, under the system of practice established by the laws of this state, the want of jurisdiction may always be set up against a judgment, when sought to be enforced, or when any benefit is claimed under it, and the bare recital of jurisdictional facts in the record of the judgment of any court is not conclusive, but only prima facie evidence, and may be disproved by extrinsic evidence. This rule has been followed, to cite but a few cases, in Johnston v. Mutual Life Ins. Co., 104 App. Div. 550, 93 N. Y. Supp. 1052; Matter of McGarren, 112 App. Div. 503, 98 N. Y. Supp. 415; Mischner v. Altman, 145 App. Div. 251, 130 N. Y. Supp. 31.

The judgment appealed from will therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.