CHIPMAN, Limited, v. THOMAS B. JEFFERY CO. *

(District Court, S. D. New York. August 13, 1919.)

CORPORATIONS ⟲665(3)—LIABILITY TO SUIT OF FOREIGN CORPORATIONS AFTER ABANDONING BUSINESS IN STATE.

A foreign corporation *held* not subject to suit in New York after it had ceased to do business in that state, on a cause of action arising in another state, although when doing business in New York it had designated an agent on whom service might be made, in compliance with General Corporation Law, N. Y., § 16, which designation had not been revoked.

Action by Chipman Limited, against the Thomas B. Jeffery Company. On motion by defendant to set aside service of summons. Granted.

Hays, Hershfield & Wolf, of New York City (Ralph Wolf, of New York City, of counsel), for plaintiff.

Philip B. Adams, of New York City (Thomas M. Kearney, of Racine, Wis., of counsel), appearing specially for defendant.

AUGUSTUS N. HAND, District Judge. The defendant moves to set aside the service of the summons in this action upon the ground that the defendant is a foreign corporation organized under the laws of the state of Wisconsin, and since August, 1916, has transacted no business in the state of New York, and had no office or place of business therein.

It appears that in August, 1916, the defendant sold all its property to the Nash Motors Company, a Maryland corporation, and thereupon discontinued business. Prior to that time it had been engaged in business in the state of New York, and in 1914 designated Philip B. Adams, Esq., as the person upon whom process might be served, and on July 6, 1914, filed papers with the secretary of state of the state of New York as a basis for the issuance to it of a certificate to do business within that state.

The action is based upon contracts made in Wisconsin and to be performed in that state. Section 432 of the Code of Civil Procedure, subd. 2, authorizes service of process upon a foreign corporation by delivering a copy thereof to "a person designated for the purpose as provided for in section 16 of the General Corporation Law." Section 16 provides:

"Such designation * * * shall continue in force until revoked by an instrument in writing designating in like manner some other person upon whom process against the corporation may be served in this state or until the filing in the same office of a written revocation of such consent executed by the person so designated." General Corporation Law (Consol. Laws, c. 23).

Section 1780 of the Code of Civil Procedure provides that:

"An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action. * * *"

Mr. Justice Holmes, in the recent case of Pennsylvania Fire Ins. Co. v. Gold Issue Mining & Milling Co., 243 U. S. 93, 37 Sup. Ct. 344, 61 L. Ed. 610, points out the distinction between the case where jurisdiction is obtained over a foreign corporation doing business in the state where there has been a consent on the part of the corporation to be sued, and where there has not been any such consent. If the corporation is doing business within the state without appointing an agent according to the requirements of the statute, or if the statute provides for service upon some public official, jurisdiction is acquired if the statutory service is made irrespective of consent as to causes of action arising within the state.

Jurisdiction in this case is based upon a so-called estoppel on the part of the corporation to object to service in actions based upon local transactions. This estoppel has been held to be "limited to causes of action which owe their origin to the transaction of business in defiance of the statutory restrictions." See Bagdon v. Philadelphia & Reading C. & I. Co., 217 N. Y. at page 437, 111 N. E. at page 1077, L. R. A. 1916F, 407, Ann. Cas. 1918A, 389; Smolik v. Philadelphia & Reading C. & I. Co. (D. C.) 222 Fed. 148. But it was quite consistently held in the foregoing cases that a designation by a corporation of an agent to receive process takes from the case any question of due process of law and leaves nothing for the court to consider but the proper construction of the consent which the corporation has given to be sued within the jurisdiction in view of the statutory provisions.

No cases allowing actions against foreign corporations not engaged in doing business within the state have gone beyond the insurance cases where the right to sue after the company had ceased to do new business has been founded upon obligations accruing within the state. Mutual Reserve v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987; Johnston v. Mutual Life, 104 App. Div. 544, 93 N. Y. Supp. 1048. The receipt of premiums from residents of the state, or the adjustment of losses upon policies issued to residents when it was doing a business therein, is regarded as a continuance of business within the state, even if the corporation has abandoned issuing new policies. Mutual Life v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569. It is undoubtedly within the power of the state to exclude the corporation from doing business within its borders and to allow it to do business upon such terms, as it may prescribe, and if the corporation consents to these terms and designates a person upon whom service may be made, the process may issue against that person even upon causes of action arising outside the jurisdiction.

I can, however, discover no authority which subjects a corporation to actions not arising within the state when it has ceased to do business therein. No case is cited in which the consent to be sued has been interpreted as broad enough to cover actions against the cor-

poration which have arisen since it ceased to do business. The question is not one of constitutional law, but of the construction of a statute of the state of New York. It is in my opinion a quite unnecessary inference to be drawn from the designation of an agent that such designation was to cover actions arising outside of the state after the corporation had ceased to do business therein.

In the case of Smolik v. Philadelphia & Reading C. & I. Co., supra, Judge Learned Hand said:

"* * * There is no reason that I can see for imposing any limitation upon the effect of section 1780 of the New York Code, and as a result I find that the consents covered such actions as these."

I think the words "any limitation" must be read as applying to such facts as were before the court in that case, namely, causes of action arising outside the state, where the corporation had a duly designated agent within the state and was transacting business therein.

The motion to vacate the service of the summons is therefore granted.